■ JOHN A. BRADLEY, Appellant, v DONALD W. ROGERS, Respondent.—Yesawich, Jr., J. Appeal from an order of the Supreme Court at Special Term (Klein, J.), entered October 8, 1985 in Ulster County, which (1) granted defendant's motion for a default judgment on two counterclaims and for an assessment of damages, and (2) denied plaintiff's cross motion to dismiss said counterclaims or, alternatively, for leave to serve a proposed reply.

Plaintiff instituted suit to recover damages for defendant's alleged destruction of leased premises and for reimbursement of monetary advances and utility expenses incurred during defendant's occupancy.

Defendant's verified answer sets forth a general denial and seven affirmative defenses. The sixth and seventh affirmative defenses, each of which also contains a counterclaim for damages, are each denominated as an affirmative defense and counterclaim. Plaintiff did not reply to the counterclaims because his counsel believed the hybrid labeling of the affir-

mative defenses and the counterclaims, one of which he considered nothing more than gibberish, made none necessary. It was counsel's assumption that inasmuch as affirmative defenses are deemed denied (CPLR 3018), this was also true with respect to the counterclaims and, further, that allegations of an affirmative defense, to which a reply, unless one is ordered, is improper (3 Weinstein-Korn-Miller, NY Civ Prac ¶ 3011.02), could not be deemed denied and yet, at the same time, become admitted facts as to the counterclaims simply because of the purported ambiguity of defendant's pleading.

When Special Term granted defendant's motion for a default judgment on the counterclaims, ordered damages assessed, and denied plaintiff's cross motion to dismiss or, alternatively, for leave to serve a proposed reply, this appeal followed. As limited by his brief, plaintiff's appeal is directed only at securing leave to serve his proposed reply to the counterclaims.

The wiser course of action would have been to interpose a reply and argue the legal point at some later stage of the action (3 Weinstein-Korn-Miller, NY Civ Prac ¶ 3011.02). Nevertheless, since plaintiff's failure to reply was the product of a mistaken legal judgment and not willful, and any delay in replying was not lengthy and has not been shown to have caused defendant prejudice, leave to serve the reply should have been allowed (see, Cefala v Basila, 95 AD2d 889, 890; see also, McNeill v Lasala, 115 AD2d 459, 460).

Order modified, on the law and the facts, without costs, by reversing so much thereof as adjudged defendant entitled to recover on account of the two causes of action alleged in his answer, ordered an assessment of damages thereon and denied plaintiff leave to serve a proposed reply; plaintiff granted leave to serve a reply to the counterclaims in the answer; and, as so modified, affirmed. Casey, J. P., Weiss, Mikoll, Yesawich, Jr., and Levine, JJ., concur.