◼ Donna M. Newman, as Administratrix of the Estate of Roger R. Jewell, Deceased, Respondent, v Town of York et al., Defendants and William C. Larsen, P. E., P. C., et al., Appellants. (And Third-Party Action.) (Appeal No. 1.) ◼ Memorandum: P. S. Bruckel, Inc. entered into a written contract with the Town of York to paint a water tower owned by the town. While engaged in the work, Roger Jewell fell from the tower and died as the result of injuries he received from the fall. Following a trial, the jury rendered a verdict for money damages in favor of plaintiff, the administratrix of Jewell's estate, against defendants William C. Larsen, P. E., P. C. and Larsen Engineers/Architects, the engineers engaged by the Town of York to prepare the contract between P. S. Bruckel, Inc. and the town and to supervise the work. On appeal,

defendants contend that they were not the "agents" of the owner within the meaning of Labor Law § 240, and thus they were not liable for the failure to furnish Jewell with proper scaffolding and other safety devices. We disagree.

Under the facts of this case and the instructions of the court, the jury was entitled to find that Larsen Engineers agreed with the town to assume the duties and authority of the engineer as specified in the contract between P. S. Bruckel, Inc. and the town. That contract gave the engineer the authority to "act as the Owner's representative in all matters pertaining to the work of the contract". It also gave the engineer the authority to cause to be discharged any employee who "endangers * * * the safety of persons in the vicinity, whether or not employed by the Contractor." The contract gave the engineer the further authority to declare the contractor in default if the contractor "shall * * * refuse to properly regard laws * * * or the instructions of the Engineer." Among the laws the contractor was specifically required to regard was the Labor Law of the State of New York.

In our opinion, these provisions of the contract, taken together, gave Larsen Engineers sufficient authority to supervise and control the safety practices of the contractor, P. S. Bruckel, Inc., to impose upon Larsen Engineers liability under Labor Law § 240 as "agent" of the owner (see, Russin v Picciano & Son, 54 NY2d 311, 318; Kenny v Fuller Co., 87 AD2d 183, 190, lv denied 58 NY2d 603). (Appeal from judgment of Supreme Court, Livingston County, Houston, J.—Labor Law § 240.) Present—Dillon, P. J., Boomer, Pine, Balio and Lawton, JJ.