■ RONALD J. BRIERE et al., Respondents, v FRANK BARBERA et al., Appellants, et al., Defendant. (And a Third-Party Action.)—Mahoney, P. J. Appeal from an order of the Supreme Court (Brown, J.), entered November 6, 1989 in Saratoga County, which, *inter alia,* denied the cross motion of defendants Frank Barbera and Anchor Builders, Inc. for summary judgment dismissing the complaint and all cross claims against them.

Plaintiff Ronald J. Briere (hereinafter plaintiff) was employed as a carpenter for a subcontractor which was framing houses in a subdivision in the Town of Clifton Park, Saratoga County. Plaintiff fell from a roof and sustained serious injuries. He and his wife commenced this action, including a derivative claim, alleging negligence and Labor Law violations against, among others, defendants Anchor Builders, Inc. and Frank Barbera, Anchor's president. Plaintiff moved, *inter alia,* for summary judgment under Labor Law § 240 (1) against Anchor and Barbera. These defendants cross-moved, *inter alia,* for summary judgment against plaintiff. Supreme Court denied these cross motions and granted plaintiff's motion against Anchor but denied it against Barbera. Anchor and Barbera appeal.

Barbera is a builder who has incorporated several business entities which perform general contracting duties. On January 31, 1986, the date of plaintiff's accident, Anchor was acting as a general contractor on the subject subdivision. By certificates filed June 9, 1986, Anchor changed its name to Saraco Construction, Inc. and a second corporation, also named Anchor Builders, Inc., was incorporated. Saraco filed a certificate of dissolution on March 10, 1987. This action was not commenced until November 1987, with service on Barbera personally and as president of the first Anchor Builders, Inc. Anchor and Barbera argue that this service was ineffective as against the first Anchor Builders, Inc. since that corporation had been dissolved by the time of service and that the second Anchor Builders, Inc. had no responsibility for the January 31, 1986 accident which occurred before it was incorporated. Barbera argues that he has no liability because he was only an employee and stockholder of the corporation acting as general contractor. Supreme Court concluded that the first Anchor Builders, Inc. was properly sued as Business Corporation Law

§ 1006 permits a dissolved corporation to be sued as part of the winding up of its affairs. Supreme Court further found that questions of fact existed concerning Barbera's precise role in the corporate structure so that the question of his individual liability required a trial for resolution.

We agree with Supreme Court's assessment of the liability of the first Anchor Builders, Inc. It is clear that this corporation was acting as a general contractor on the date of plaintiff's accident. The corporate name change cannot affect its liability (Business Corporation Law § 806 [b] [5]) and its subsequent dissolution cannot prevent suit against it because Business Corporation Law § 1006 (a) (4) and (b) permit suit against a dissolved corporation as part of winding up its affairs. Thus, Supreme Court properly granted summary judgment against the first Anchor Builders, Inc.

We also agree with Supreme Court's resolution as to Barbera's liability under Labor Law § 240 (1). An agent of a general contractor can be liable thereunder if the agent exercises sufficient supervision and control over the activity (see, Russin v Picciano & Son, 54 NY2d 311, 318). Barbera's testimony and affidavit reveal that he was personally involved on an almost daily basis at the building site. He described the building project in personal terms, referring to the work as his own. Whether this involvement provides sufficient supervision and control strikes us, as it did Supreme Court, as a question for a jury to resolve (see, Newman v Town of York, 140 AD2d 935, 936).

Order affirmed, with costs. Mahoney, P. J., Casey, Weiss, Levine and Harvey, JJ., concur.