■ MARK BRODY et al., Respondents, v MARCEL ST. ONGE, Appellant.—Yesawich, Jr., J. Appeal from an order of the Supreme Court (Cheeseman, J.), entered December 14, 1989 in

Albany County, which, *inter alia,* granted plaintiffs' motion for summary judgment.

Defendant purchased a lot on the corner of Burhans Place and Delaware Avenue in the Town of Bethlehem, Albany County. Although a deed in the chain of title contained a restrictive covenant limiting use of the property to "dwelling or residential purposes for one family", defendant sought and obtained a permit from the Town of Bethlehem Planning Board to convert the existing single-family home into a real estate office. He thereafter began to demolish the garage, construct a parking lot and redesign the home's interior to accommodate offices. Plaintiffs, the owners of 20 neighboring property lots on Burhans Place, notified defendant that his "improvement" plans violated the restrictive covenant and they commenced this action seeking an injunction prohibiting the violation. Defendant's answer admitted that his record deed contained this restriction, but interposed an affirmative defense and counterclaim pursuant to RPAPL article 15 and RPAPL 1951. Plaintiffs never replied nor sought an extension of the time to plead, but instead moved to dismiss defendant's counterclaim and for summary judgment on their complaint. Plaintiffs offered no explanation for the 53-day delay. Defendant cross-moved for summary judgment based upon plaintiffs' default in failing to reply to his counterclaim. Supreme Court dismissed defendant's counterclaim for failure to join necessary parties—not all of the neighboring property owners were parties to the action—and granted plaintiffs' request for summary judgment on the complaint. Defendant has appealed.

Plaintiffs argue that the common grantor of the Burhans Place properties originally conveyed all of his real property, including defendant's lot, subject to a covenant which ran with the land, and restricted building to single-family residences. For a real covenant to exist, certain formal requirements must be met: the original covenantor and covenantee must have intended that the restriction run with the land, the covenant must "touch and concern" the land, and there must be "privity of estate" between the party seeking to enforce the restriction and the party who must comply with the restriction (4A Warren's Weed, New York Real Property, Restrictive Covenants, § 2.01, at 16 [4th ed]). Because the free and unobstructed use of property is favored, restrictive covenants are strictly construed against the one seeking enforcement *(id.,* at 17). Here, plaintiffs have failed to provide clear and convincing evidence *(see, Clarke v Caldwell,* 132 AD2d 171, 174) of the original parties' intent.

To determine whether the parties had in view a restrictive covenant to run with the land, the deed containing the restriction should be scrutinized first; and then, if the instrument proves ambiguous, the surrounding circumstances must be reviewed *(see,* 4A Warren's Weed, New York Real Property, Restrictive Covenants, § 2.03, at 17–18 [4th ed]). Defendant felicitously points out that the original deed in his chain of title—a 1925 conveyance from the Burhans to the initial covenantees, defendant's remote predecessors in title—does not indicate whether the original parties intended the housing restriction to bind their successors. Although the deed at hand generally binds the purchasers "their heirs and assigns forever", the mere presence of these words is not enough *(see, Mygatt v Coe,* 147 NY 456, 467). As defendant's deed does not itself resolve the issue, the surrounding circumstance must be examined *(see, e.g., Pulitzer v Campbell,* 146 Misc 700, 705-706). In this regard, it is worth noting that while it is relevant that the common grantors here retained neighboring property and specifically covenanted to include similar restrictions in subsequent conveyances *(see, Orange & Rockland Utils. v Philwold Estates,* 52 NY2d 253, 262), these factors do not preclude the possibility that the building restriction was intended to remain personal to the common grantors. Inasmuch as a question of fact exists respecting the intent of the original parties to fetter their successors, summary judgment in plaintiffs' favor was inappropriately granted.

By contrast, defendant is entitled to summary judgment on his counterclaim. As Supreme Court aptly noted, plaintiffs' failure to serve a reply or move to dismiss the counterclaim within 20 days from service of defendant's answer renders them in default (Siegel, Practice Commentaries, McKinney's Cons Laws of NY, Book 7B, CPLR C3011:9, at 568; *see,* CPLR 3012 [a]; 3211 [e]). Plaintiffs made no application to be relieved of their default, nor did they offer an explanation for their failure to comply with the statutory pleading requirements. Even now, they do not seek to serve a late reply. While it is not our intention to hobble a court's spontaneity, the fact remains that we find no authority for permitting a court, as occurred here, to *sua sponte* abrogate a pleading requirement in the absence of any proffered justification *(see, ibid.; cf., Mufalli v Ford Motor Co.,* 105 AD2d 642, 643). Accordingly, plaintiffs' remedy is to seek to be relieved of their apparently unintended default pursuant to CPLR 3012 (d) *(see, e.g., Continental Cas. Co. v Cozzolino Constr. Corp.,* 120 AD2d 779; *cf., Bradley v Rogers,* 125 AD2d 782, 783).

Order reversed, on the law, without costs, plaintiffs' motion for summary judgment denied, defendant's cross motion for summary judgment granted and complaint dismissed, without prejudice and with leave to plaintiffs, if they be so inclined, to move before the Supreme Court to be relieved of their default. Kane, J. P., Weiss, Mikoll, Yesawich, Jr., and Mercure, JJ., concur.