■ KEVIN G. KELLY et al., Appellants-Respondents, v LE-MOYNE COLLEGE et al., Defendants and Third-Party Plaintiffs-Respondents, and LAMINATED CONCEPTS, INC., Defendant and Third-Party Plaintiff-Respondent-Appellant. SILVERLINE CONSTRUCTION, INC., Third-Party Defendant-Respondent. [606 NYS2d 376] —Mahoney, J. Cross appeals from an order of the Supreme Court (Ellison, J.), entered November 13, 1992 in Schuyler County, which, *inter alia,* denied motions by defendant Laminated Concepts, Inc. and plaintiffs for summary judgment.

In 1988, plaintiff Kevin G. Kelly (hereinafter plaintiff), an employee of third-party defendant, Silverline Construction, Inc. (hereinafter Silverline), fell off the edge of a roof while installing roofing material on a recreation center at defendant LeMoyne College. This accident furnished the occasion for the instant lawsuit by plaintiff and his wife, predicated upon violations of Labor Law §§ 240 and 241, against LeMoyne, Stanmar, Inc. (the general contractor) and Laminated Concepts, Inc. (a subcontractor which, along with Silverline, contracted with Stanmar to supply materials for and to install the roof). In due course, these defendants commenced third-party actions against Silverline seeking indemnification. Fol-

lowing joinder of issue in all claims and the completion of discovery, Laminated Concepts moved for summary judgment dismissing plaintiffs' Labor Law § 240 (1) claim, arguing that it was a mere supplier of materials and did not exercise or have the authority to exercise control over the work of Silverline's employees. Plaintiffs opposed and cross-moved against all defendants for summary judgment on the Labor Law § 240 (1) claim. In response, LeMoyne and Stanmar cross-moved against Silverline for partial summary judgment on their third-party claims in the event plaintiffs' motion was successful. Supreme Court denied all of the motions, finding factual issues with regard to liability and concluding that the indemnification applications were premature. Plaintiffs and Laminated Concepts appeal.

There must be an affirmance. As regards Laminated Concepts' motion for summary judgment, we agree with Supreme Court that questions of fact exist with regard to that entity's authority to supervise or control the roofing work. While Laminated Concepts emphasizes that it merely supplied the materials, that Silverline, not it, performed the actual roof installation and, further, that Laminated Concepts never directed or controlled the work of Silverline's employees, these facts are not dispositive of this issue. The key criterion in ascertaining Labor Law § 240 (1) liability is not whether the party charged with the violation actually exercised control over the work, but rather whether he or she had the *right* to do so *(see, e.g., Nowak v Smith & Mahoney,* 110 AD2d 288, 290; *Copertino v Ward,* 100 AD2d 565, 567). In our view, the fact that the roofing subcontract was awarded *jointly* to Laminated Concepts and Silverline, along with Laminated Concepts' considerable involvement in negotiating and carrying out the contract (significantly, Laminated Concepts, not Silverline, was provided with copies of Stanmar's specifications) are sufficient to raise questions of fact regarding its authority to control the aspects of Silverline's work which led to plaintiff's injury *(cf., Dennis v Beltrone Constr. Co.,* 195 AD2d 688).

Turning now to plaintiffs' cross motion, the gravamen of their arguments relative to the denial of their cross motion for summary judgment is that the complete absence of safety devices at the worksite entitled them to judgment as a matter of law under Labor Law § 240 (1) on the issue of liability. We disagree. A review of the record confirms that plaintiff was the only party to testify concerning the circumstances surrounding the accident. While the fact that plaintiff alone possesses exclusive knowledge of the salient facts, standing

alone, is sufficient to preclude a grant of summary judgment to plaintiffs *(see, Russell v Rensselaer Polytechnic Inst.,* 160 AD2d 1215, 1216; *Dougherty v State of New York,* 113 AD2d 983, 986), here the record evidence, namely that use of safety belts and safety lines which were available at the site but not used would not have prevented or broken plaintiff's 12-foot fall because of the slack in the rope that would have been present, also clearly establishes that factual questions exist on the issue of proximate cause.

As a final matter, we agree with Supreme Court that because, at this juncture, plaintiffs have not prevailed on their Labor Law § 240 (1) claims against defendants, Laminated Concepts' motion for judgment over against Silverline on its indemnification claim is premature *(see, Blair v Rosen-Michaels, Inc.,* 146 AD2d 863, 865; *Smith v Hooker Chems. & Plastics Corp.,* 89 AD2d 361, 366, *appeal dismissed* 58 NY2d 824).

Weiss, P. J., Mercure, White and Casey, JJ., concur. Ordered that the order is affirmed, without costs.