■ LEON S. HARRIS, Plaintiff, and MICHAEL GANGI PLUMBING & HEATING CONTRACTORS, INC., Appellant, v STONY CLOVE LAKE ACRES, INC., Respondent, et al., Defendants. [633 NYS2d 691] —Cardona, P. J. Appeal from an order of the Supreme Court (Connor, J.), entered October 18, 1994 in Greene County, which, *inter alia*, granted the motion of defendant Stony Clove Lake Acres, Inc. for vacatur of a default judgment entered against it.

The issue presented is whether a corporation, dissolved by the Secretary of State, may defend a foreclosure action relating to its corporate assets. We answer in the affirmative. A dissolved corporation retains the power to "continue to function for the purpose of winding up [its] affairs" (Business Corporation Law § 1006 [a]). This includes the power to fulfill or discharge its contracts, collect and sell assets, pay debts and "do all other acts appropriate to liquidate its business" (Business Corporation Law § 1005 [a] [2]). Most importantly, a corporation continues to exist as a legal entity after dissolution for purposes of appearing in legal actions and proceedings (*see, Independent Investor Protective League v Time, Inc.*, 50 NY2d 259, 262-263). Hence, it may "sue or be sued in all courts and participate in actions and proceedings * * * in its corporate name" (Business Corporation Law § 1006 [a] [4]; *see, Briere v Barbera*, 163 AD2d 659, 660).

Therefore, defendant Stony Clove Lake Acres, Inc. (hereinafter defendant) may defend the foreclosure action against it in an effort to wind up its business affairs. We also concur with Supreme Court's action in vacating the default judgment against defendant on the ground that defendant's default was excusable under the circumstances presented here (*see, Pick-*

*ney v Wood,* 165 AD2d 949, 951; *Bradley v Rogers,* 125 AD2d 782, 783) and that it possessed a meritorious defense (*see, McKay v Longman,* 199 AD2d 941). Finally, we reject the contention that defendant is guilty of laches, there having been no showing that plaintiffs have been prejudiced by the delay in question (*see, First Fed. Sav. & Loan Assn. v Capalongo,* 152 AD2d 833, 834, *lv dismissed* 74 NY2d 945).

Mikoll, Casey, Yesawich Jr. and Peters, JJ., concur. Ordered that the order is affirmed, with costs.