■ ROBERT GRIFFIN, Respondent, v MWF DEVELOPMENT CORPORATION et al., Appellants. [709 NYS2d 322] —Order unanimously affirmed with costs. Memorandum: Plaintiff, a masonry laborer, was injured in a fall while employed by ECO Construction I, Inc. (ECO) in connection with the renovation of a building owned by defendant Dreier-Giltner Funeral Home, Inc. (D-G). D-G had contracted directly with ECO for the project masonry work. D-G did not hire a general contractor, but entered into a construction management agreement with defendant MWF Development Corporation (MWF). That agreement provided that MWF would, *inter alia*, interview and select an architect or engineer; procure necessary municipal approvals and permits; award contracts to vendors and subcontractors; review all invoices; determine the work schedule; and furnish "on site construction supervision." Of the total payment of $34,400 to be made to MWF, $22,400 was allocated to on-site construction supervision.

According to plaintiff, just before the accident his work crew was preparing to pour the concrete basement floor. While on the first floor, plaintiff reached down through an unguarded elevator shaft to hand an object to his supervisor, slipped or lost his balance, and fell to the basement floor. Plaintiff com-

menced this action alleging violations of Labor Law §§ 200, 240 (1) and § 241 (6), and common-law negligence. He thereafter moved for partial summary judgment on liability, and each defendant cross-moved for summary judgment dismissing the complaint. Supreme Court, treating the cross motions as addressing only the Labor Law § 240 (1) cause of action, granted plaintiff's motion and denied defendants' cross motions. Although the court's failure to rule on the remaining aspects of the cross motions is deemed a denial (see, Brown v U.S. Vanadium Corp., 198 AD2d 863, 864), defendants have abandoned any issues with respect to that denial by failing to raise such issues on appeal (see, Ciesinski v Town of Aurora, 202 AD2d 984).

Because plaintiff was injured as the result of a fall from an elevated worksite, he is entitled to partial summary judgment on liability on the Labor Law § 240 (1) cause of action. Plaintiff's work in the area of the open and unguarded elevator shaft subjected plaintiff to a hazard that the devices required by section 240 (1) are designed to protect against (see, Rocovich v Consolidated Edison Co., 78 NY2d 509, 514; Ring v Bristol Bldrs., 272 AD2d 877; O'Connor v Lincoln Metrocenter Partners, 266 AD2d 60; Robertti v Chang, 227 AD2d 542, 542-543, lv dismissed 88 NY2d 1064; Serino v Miller Brewing Co. [appeal No. 2], 167 AD2d 917, 918-919, lv dismissed 78 NY2d 1008). We reject the contention of MWF that differing versions of the circumstances of plaintiff's fall in the affidavits of plaintiff's supervisor and a co-worker raise an issue of fact on liability with respect to section 240 (1). It is immaterial whether plaintiff was handing an object through the unguarded elevator shaft or simply slipped or lost his balance and fell into the shaft. In either case, plaintiff was present at the worksite in the course of his construction work (see, O'Connor v Lincoln Metrocenter Partners, supra). We further reject defendants' contention that there is an issue of fact whether plaintiff's own conduct was the sole proximate cause of the accident (cf., Weininger v Hagedorn & Co., 91 NY2d 958, rearg denied 92 NY2d 875; Lardaro v New York City Bldrs. Group, 271 AD2d 574).

The court properly determined that MWF is liable on the Labor Law § 240 (1) cause of action. The construction management agreement between D-G and MWF unambiguously authorized MWF to select the various contractors and to supervise and control their work. MWF is therefore liable as the owner's agent (see, Russin v Picciano & Son, 54 NY2d 311, 318; Newman v Town of York, 140 AD2d 935, 936; cf., Fox v Jenny Eng'g Corp. [appeal No. 2], 122 AD2d 532, 532-533, affd 70 NY2d

761; *Kerr v Rochester Gas & Elec. Corp.*, 113 AD2d 412, 416-418). "The key criterion in ascertaining Labor Law § 240 (1) liability is not whether the party charged with the violation actually exercised control over the work, but rather whether he or she had the right to do so" (*Kelly v LeMoyne Coll.*, 199 AD2d 942, 943). (Appeals from Order of Supreme Court, Monroe County, Fisher, J.—Summary Judgment.) Present—Pigott, Jr., P. J., Hayes, Hurlbutt and Scudder, JJ.