■ PAUL E. FIORENTINE, Respondent, v MATTHEW A. MILITELLO, Individually and as Executor of CARMELLA A. MILITELLO, Deceased, et al., Appellants. [713 NYS2d 430] —Order unanimously affirmed with costs. Memorandum: Plaintiff was injured in a fall caused by the collapse of a makeshift scaffolding-ladder apparatus that he was using to install siding on a single-family house. Plaintiff commenced this action against Matthew A. Militello (Militello), individually and as executor of the Estate of Carmella A. Militello (Estate), as the alleged owner; Susan S. Cowan, as the alleged agent of the owner; and William Reed, as the general contractor or the subcontractor that supervised plaintiff's work. Plaintiff alleged defendants' liability under Labor Law §§ 200, 240 (1), and § 241 (6) as well as principles of common-law negligence. Insofar as relevant to this appeal, Supreme Court denied the motion of Militello and Cowan for

summary judgment dismissing the complaint and cross claims against them, and granted that part of plaintiff's cross motion seeking summary judgment on liability under Labor Law § 240 (1) against Militello (as executor of the Estate, but not individually), Cowan and Reed. With respect to that cause of action, Militello and Cowan contend that, as a matter of law, the Estate, Cowan and Militello did not direct or control the work, thus entitling them to dismissal on the basis of the homeowner's exemption. Reed contends that there are triable questions of fact on the issues of his status and that of Cowan under Labor Law § 240 (1), thus precluding summary judgment on liability for plaintiff under that section.

The court properly determined that plaintiff is entitled to summary judgment on liability under Labor Law § 240 (1) against Militello, as executor of the Estate, and Cowan. The statute provides for liability against "[a]ll contractors and owners and their agents, except owners of one and two-family dwellings who contract for but do not direct or control the work" (Labor Law § 240 [1]). The record establishes as a matter of law that Cowan, acting as agent of the Estate, directed and controlled the work. Cowan supplied all of the materials and much of the essential equipment for the job, including the planks, ladder jacks and scaffolding implicated in the accident. Cowan recruited plaintiff as an additional worker to assist the contractor, Reed, and instructed plaintiff to follow Reed's directions. Moreover, Cowan's involvement extended to safety issues. When Cowan saw the scaffolding-ladder apparatus erected by Reed using the components supplied in part by her, she initially objected on the ground that the apparatus appeared unsafe. She offered to rent a more suitable scaffolding, but ultimately relented when Reed assured her that the makeshift scaffolding was safe. The implicit acknowledgment of responsibility by Cowan for worker safety and the provision of safety equipment, together with her involvement in the prosecution of the work, demonstrates as a matter of law that she as agent for the Estate directed and controlled the work. Thus, the homeowner's exemption is not available to Cowan or the Estate (*see, Emmi v Emmi,* 186 AD2d 1025; *see also, Rodas v Weissberg,* 261 AD2d 465, 466; *Killian v Vesuvio,* 253 AD2d 480, 480-481; *Relyea v Bushneck,* 208 AD2d 1077, 1079; *Rimoldi v Schanzer,* 147 AD2d 541, 545). With regard to plaintiff's allegations against defendant Militello individually, we note only that plaintiff has not appealed from that part of

the order denying his cross motion for summary judgment on liability against Militello individually, and that the court did not err in denying the motion of Militello for summary judgment dismissing the Labor Law § 240 (1) cause of action against him individually on the basis of the homeowner's exemption.

The court also properly granted plaintiff summary judgment on liability under Labor Law § 240 (1) against Reed. Under the statute, the relevant inquiry with respect to Reed is whether his contractual responsibility included the safe execution of the work that led to plaintiff's injury (*see, Kulaszewski v Clinton Disposal Servs.*, 272 AD2d 855; *Gielow v Rosa Coplon Home*, 251 AD2d 970, 972, *lv dismissed in part and denied in part* 92 NY2d 1042, *rearg denied* 93 NY2d 889), i.e., whether Reed was contractually authorized to exercise direction or control over plaintiff or the injury-producing work, irrespective of whether he actually did so (*see, Griffin v MWF Dev. Corp.*, 273 AD2d 907, 909, citing *Kelly v LeMoyne Coll.*, 199 AD2d 942, 943).

In light of our determination, we find it unnecessary to address the remaining causes of action of the complaint. (Appeals from Order of Supreme Court, Erie County, O'Donnell, J.— Summary Judgment.) Present—Green, J. P., Pine, Wisner, Kehoe and Balio, JJ.