■ BRUCE SUPPLY CORP., Appellant, v NEW WAVE MECHANICAL, INC., et al., Respondents. [773 NYS2d 408]—

In an action, inter alia, to recover payment for goods sold and delivered, the plaintiff appeals, as limited by its brief, from so much of (1) an order of the Supreme Court, Kings County (Silverman, J.H.O.), entered August 22, 2002, as, after a hearing upon the defendants' motion pursuant to CPLR 5015 to vacate a judgment of the same court dated August 24, 2001, entered upon the defendants' failure to appear or answer, held that service of process on the defendant New Wave Mechanical, Inc., was improperly effected, and (2) an order of the same court (Dowd, J.), dated February 19, 2003, as granted that branch of the defendants' motion which was to vacate the judgment entered against the defendant New Wave Mechanical, Inc., upon its failure to appear or answer and for leave to serve their answer.

Ordered that the appeal from the order entered August 22, 2002, is dismissed; and it is further,

Ordered that the order dated February 19, 2003, is affirmed insofar as appealed from; and it is further,

Ordered that one bill of costs is awarded to the defendants.

The appeal from the order entered August 22, 2002, is dismissed because it did not decide the defendants' motion but merely ruled on an issue to aid in disposition of the motion (see CPLR 5701 [a] [2]) and no leave to appeal from that order has been sought or granted. That ruling was, in effect, confirmed in the order dated February 19, 2003, which decided the defendants' motion based upon that ruling. The issues raised on the appeal from the order entered August 22, 2002, have been considered on appeal from the order dated February 19, 2003.

The plaintiff's complaint states that it seeks payment for goods sold and delivered to the corporate defendant New Wave

Mechanical, Inc. (hereinafter New Wave Mechanical) from December 9, 1999, until January 8, 2001, and seeks to enforce the defendant Robert Pennachio's personal guarantee of the debts of New Wave Mechanical. New Wave Mechanical was served with process pursuant to Business Corporation Law § 306 by service upon the Secretary of State.

After a judgment was entered against the defendants upon their failure to appear or answer, the defendants moved to vacate the judgment and for an opportunity to "appear and defend the within action." The Supreme Court referred the matter to a Judicial Hearing Officer for a hearing on whether the defendants were properly served with process.

By order entered August 22, 2002, the Judicial Hearing Officer determined that "service on the Secretary of State is also set aside." The basis for that determination was that New Wave Mechanical was dissolved on September 28, 1994, by proclamation of the Secretary of State pursuant to the Tax Law.

A dissolved corporation "may sue or be sued . . . in its corporate name, and process may be served by or upon it" (Business Corporation Law § 1006 [a] [4]; *see Gutman v Club Mediterranee Intl.*, 218 AD2d 640 [1995]). It is well settled that personal jurisdiction over a dissolved corporation "may be obtained through service upon the Secretary of State" (*Camacho v New York City Tr. Auth.*, 115 AD2d 691, 693 [1985]; *see Speroni v Mid-Is. Hosp.*, 222 AD2d 497, 498 [1995]).

The dissolution of the corporation "shall not affect any remedy available to or against such corporation . . . for any right or claim existing or any liability incurred before such dissolution" (Business Corporation Law § 1006 [b]) and a dissolved corporation retains the power to function to wind up its affairs (*see* Business Corporation Law § 1006 [a]) which includes the "power to fulfill or discharge its contracts" (Business Corporation Law § 1005 [a] [2]; *Harris v Stony Clove Lake Acres*, 221 AD2d 833 [1995]). A corporation may be held liable on a cause of action that accrues after dissolution if the corporation continued its operations, operated its premises, and held itself out as a de facto corporation, notwithstanding its dissolution (*see Ludlum Corp. Pension Plan Trust v Matty's Superservice*, 156 AD2d 339 [1989]; *Camacho v New York City Tr. Auth.*, supra).

In opposition to the defendants' motion, the plaintiff contended that New Wave Mechanical continued to operate as a de facto corporation and accepted the goods in question. However, the plaintiff failed to substantiate this claim. Invoices referring to New Wave Mechanical were prepared by the plaintiff, not the

defendants, and therefore are not binding on the defendants. The defendants claimed that the plaintiff shipped the goods in question to another corporation, "New Wave Servicing Corp." which was incorporated in 1997 and submitted copies of canceled checks to the plaintiff from December 2000 and January 2001 which listed the payor as New Wave Servicing Corp.

It is apparent from the record that the plaintiff's cause of action is not against New Wave Mechanical. However, as noted by the Supreme Court, the defendants only sought vacatur of the default judgment and leave to serve their answer. Therefore the order dated February 19, 2003, which granted the relief sought in their motion is affirmed insofar as appealed from. Smith, J.P., Goldstein, Luciano and Adams, JJ., concur.