OPINION OF THE COURT
Dianne T. Renwick, J.
Nuthree Inc. brings this proceeding seeking an order directing the New York State Comptroller to release certain funds which had been turned over to the Comptroller as abandoned property. A dispositive issue raised by this proceeding is whether an inactive corporation can make a claim as the owner of equity of redemption for abandoned funds that constituted surplus money arising from a foreclosure sale of the property that belonged to the inactive corporation.
Factual Background
In 1999, NYCTL 1996-1 Trust, the beneficial owner of a real property tax lien, and the Bank of New York, the holder of the tax lien as collateral for payment of the bond issued by the beneficial owner, commenced an action seeking to foreclose on a property based upon the tax lien. A judgment of foreclosure and sale was entered on September 15, 1999. On February 14, 2000, the court-appointed referee sold the property subject to the tax lien at a foreclosure sale, and a surplus of $137,851.91 remained. Shortly thereafter, the referee turned over the surplus money to the court.
Seven years later, in 2007, petitioner Nuthree Inc., who had been the title owner of the foreclosed property, instituted a proceeding, pursuant to RPAPL 1362, seeking to recover the aforementioned surplus money as the owner of equity of redemption. The Attorney General’s Office submitted a claim against the surplus money on behalf of the New York State Department of Finance, pursuant to a tax lien for unpaid corporation franchise tax, penalties and interest due and owing from petitioner Nuthree Inc. for the years 1997, 1998 and 1999, in the amount of $2,032.14. At the time, the Attorney General’s Office did not object to the disbursement of the surplus money to petitioner Nuthree Inc.; it simply sought the payment of the *605 tax lien for unpaid corporation franchise tax, penalties and interest. Accordingly, the parties entered into a court-ordered stipulation to that effect, thereby resolving the surplus money proceeding.
Petitioner, however, was unable to enforce the court-ordered stipulation directing the distribution of the surplus money. Unbeknownst to petitioner, at the time the parties signed the stipulation, the funds were no longer held by the Finance Administrator of the City of New York. The Finance Administrator held the funds from June 1, 2000 until April 1, 2006, during which time it accrued interest. On April 1, 2006, funds, totaling $160,248.04, were turned over to the State Comptroller’s Office as abandoned property. Subsequently, when the State Comptroller refused to release the funds, Nuthree Inc. commenced this proceeding relying upon the court-ordered stipulation resolving the surplus money proceeding.
The State Comptroller, represented by the Attorney General’s Office, objects to the proceedings on two grounds. Procedurally, the Attorney General’s Office argues that the proceeding is defective because it should have been done on notice to all of the parties to the original foreclosure action. Substantively, the Attorney General’s Office argues that Nuthree Inc. cannot provide the necessary documentary evidence to establish legal title over the abandoned property since it is an inactive corporation.
Discussion
In enacting the Abandoned Property Law, the New York State Legislature declared it to be the policy of the State to utilize unclaimed property for the benefit of the citizenry at large while at the same time protecting the interest of the rightful owner. (Friar v Vanguard Holding Corp., 125 AD2d 444, 446 [2d Dept 1986], citing Abandoned Property Law § 102.) The statute accomplishes its purpose by providing that the care and custody of abandoned property be assumed by the State Comptroller for the benefit of those entitled to receive it. (Abandoned Property Law § 1404.) Under its terms, money deposited in court which remains for five years is deemed abandoned pursuant to Abandoned Property Law § 600 (1) (a). As such, it must be paid by the county treasurer, who is the depository of such funds (see CPLR 2601), to the State Comptroller. (Abandoned Property Law § 602.) The Comptroller deposits such funds in the Abandoned Property Fund (see State Finance Law § 95 [1]), *606 from which any claims are paid pursuant to its direction. (State Finance Law § 95 [3].)
Claims of $5,000 or more for any abandoned property paid to New York State may be established only on an order of the court after service of notice on the State Comptroller and on due notice to all the parties to the action or proceeding which resulted in the moneys being paid into court. (See Abandoned Property Law § 1406 [2].) Whenever money or property is mistakenly paid or delivered to the Comptroller as abandoned funds the Comptroller may, during the six years immediately following such erroneous payment or delivery, refund or redeliver the money or property. (Abandoned Property Law § 1404 [4].) Until it is refunded or redelivered, however, the money or property is deemed abandoned property. (Abandoned Property Law § 1404 [5].) When money is erroneously paid to the State Comptroller as abandoned property, no service charge may be deducted on its refund. (Abandoned Property Law § 1404 [4].)
In this case, the court finds that neither of the State Comptroller’s current objections survive close scrutiny. The State Comptroller’s procedural objection, based upon the lack of notice to all of the parties to the original foreclosure action, mischaracterizes the nature of this proceeding. This is not a claim against the mortgaged property which should have been asserted in that proceeding. Rather, it is a claim for the surplus money which a court has already declared belongs to petitioner. Under the circumstances, this is a proceeding separate and distinct from the foreclosure action, and must be prosecuted as such. Indeed, this court perceives no basis in fact or law for notifying parties other than those involved in the surplus proceeding, since they would have no claim over the surplus money that was later declared abandoned. Thus, the State Comptroller has no valid procedural objection that not all the parties to the foreclosure action have been served in this proceeding.
Nor does the court find any merit to the refusal to release the surplus money based upon petitioner’s current status as an inactive corporation. The corporation laws of this State provide that a dissolved corporation may sue or be sued in all courts and participate in actions and proceedings, whether judicial, administrative, arbitrative, or otherwise, in its corporate name, and process may be served by or upon it. (Business Corporation Law § 1006 [a] [4]; N-PCL 1006 [a] *607 [4]; see also Matter of Milton L. Ehrlich, Inc. [Unit Frame & Floor Corp.], 5 NY2d 275 [1959] [holding that a dissolved corporation may participate in an arbitration proceeding]; Matter of Park Realty Corp. v Hydrania Inc., 17 AD3d 898 [3d Dept 2005] [dissolution of corporation did not preclude it from prosecuting action commenced before the dissolution, or prosecuting its appeal].) Thus, a dissolved corporation may sue or be sued in the process, or as part, of the winding up of its affairs. (See e.g. Igbara Realty Corp. v New York Prop. Ins. Underwriting Assn., 94 AD2d 79 [1st Dept 1983]; Briere v Barbera, 163 AD2d 659 [3d Dept 1990].) Indeed, a dissolved corporation is the proper party to prosecute a cause of action existing in its favor. (Orr & Co., Inc. v Fireman’s Fund Ins. Co., 235 App Div 1 [1932].) However, the right of a corporation to sue or be sued following its dissolution is limited to obligations in existence at the time of its dissolution. (See e.g. Delpad Realty Corp. v Rapport, 119 NYS 2d 675 [Mun Ct 1953].)
In this case, Nuthree Inc.’s right to the subject abandoned property arose as the owner of the equity of redemption of the foreclosed property. There is no dispute that Nuthree Inc. acquired the subject property before the company became inactive. Thus, the current inactive status of the corporation does not preclude it from prosecuting this proceeding seeking an order directing the State Comptroller to pay it certain funds which had been turned over to the State Comptroller as abandoned property. (Cf. Babu v 29 Cortlandt St. Realty Corp., 289 AD2d 273 [2d Dept 2001] [it would be improper to vacate the judgment in the foreclosure action based upon corporation’s lack of capacity to sue due to its dissolution because of failure to pay franchise taxes, where the persons seeking such relief were principals and officers of the delinquent corporation]; Cassetta Frank, Inc. v P.G.C. Assoc., 264 AD2d 375 [2d Dept 1999] [real estate broker was statutorily authorized to proceed with action to collect commission, even though it failed to pay its franchise tax and was dissolved by the Secretary of State after the lawsuit was commenced].)
Conclusion
For the foregoing reasons, this court finds that petitioner Nuthree Inc. has established its claim to the satisfaction of this *608 court in accordance with the statutory procedure. Petitioner is, therefore, entitled to an order directing payment of its claim, together with such interest as may be allowed pursuant to Abandoned Property Law § 1405.