Devine, J.
Appeal from an order of the Supreme Court (Work, J.), entered April 4, 2013 in Ulster County, which, among other things, partially granted plaintiffs cross motion for partial summary judgment.
In 1989, Catherine Rapp conveyed property to Michael Dobbs and Pamela Dobbs and included a provision in the deed stating that it was “[s]ubject to the right of [plaintiff] to occupy the concrete block and frame one story former railroad building under an oral lease at an annual rent of $1,000.00.” In 1998, the Dobbses executed a deed conveying the property to Michael Dobbs containing the same language with regard to plaintiffs occupancy rights. However, in 2002, the deed conveying the property from Michael Dobbs to defendant did not contain any reference to plaintiff or its right to occupy the building. Over time, defendant continued to raise the annual fee it charged plaintiff to continue occupying the building and, when the parties were unable to reach a settlement on the matter, plaintiff *1194 commenced this action seeking, among other things, a judicial declaration of the parties’ respective rights in relation to the building. Defendant served an answer containing counterclaims and, after discovery was completed, defendant moved for summary judgment on its claim that the lease language in the 1989 and 1998 deeds did not constitute a restrictive covenant that defendant was obligated to uphold. Plaintiff cross-moved for partial summary judgment seeking, among other things, a declaration that it was entitled to remain in the building in perpetuity, so long as it continued to pay defendant $1,000 per year. Supreme Court granted this part of plaintiffs cross motion and denied defendant’s motion, prompting this appeal by defendant.
Defendant maintains that, inasmuch as plaintiff cannot demonstrate by clear and convincing proof that the language contained in the 1989 and 1998 deeds constituted a restrictive covenant that runs with the land, Supreme Court erred in partially granting plaintiffs cross motion for partial summary judgment. We agree. A party attempting to demonstrate that a purported restrictive covenant contained in a deed runs with the land must show that the “ ‘grantor and grantee intended that the covenant should run with the land; . . . the covenant is one touching or concerning the land with which it runs; [and] it must appear that there is “privity of estate” between the promisee or party claiming the benefit of the covenant and the right to enforce it, and the promisor or party who rests under the burden of the covenant’ ” (328 Owners Corp. v 330 W. 86 Oaks Corp., 8 NY3d 372, 382-383 [2007], quoting Neponsit Prop. Owners’ Assn. v Emigrant Indus. Sav. Bank, 278 NY 248, 255 [1938]). With regard to the intent prong, plaintiff failed to demonstrate its entitlement to summary judgment by proffering evidence that Rapp and the Dobbses, as the parties to the 1989 deed, and the Dobbses, as parties to the 1998 deed, intended to bind defendant, as successor in title to the property, to the oral lease arrangement that was memorialized in the 1989 and 1998 deeds (see Brody v St. Onge, 167 AD2d 671, 673 [1990]). Absent from the deeds is any “ ‘language immediately preceding the covenant language which expresses intent that the promise be binding’ ” on the Dobbses and their heirs and assigns (see O’Neill v Pinkowski, 92 AD3d 1063, 1065 [2012], quoting Harrison v Westview Partners, LLC, 79 AD3d 1198, 1201 [2010]).
Nor did plaintiff proffer evidence of the circumstances surrounding the execution of the deed language that would allow for the conclusion that the covenant was meant to run with the land. During her deposition testimony, Pamela Dobbs indicated that, at the time that she and Michael Dobbs purchased the *1195 property from Rapp in 1989, she was aware that plaintiff was occupying the building, but had no recollection of any discussion that occurred at or before the closing regarding the lease language in the deed.* Testimony from an officer of plaintiff indicated that plaintiff was unaware that the lease provision had been inserted in the 1989 deed. While plaintiff offers the opinions of two experts in support of its cross motion, both of whom maintain, without personal knowledge of the facts and circumstances surrounding the execution of the deeds at issue, that the deeds created a covenant that is to benefit plaintiff in perpetuity, such averments, without more, fail to establish plaintiffs prima facie entitlement to judgment (see Connor v Tee Bar Corp., 302 AD2d 729, 730-731 [2003]; see also Winegrad v New York Univ. Med. Ctr., 64 NY2d 851, 853 [1985]). As the proof before us fails to show that the grantor and grantees intended that plaintiffs lease of the building run with the land, the grant of partial summary judgment in favor of plaintiff was inappropriate (see O’Neill v Pinkowski, 92 AD3d at 1065; Brody v St. Onge, 167 AD2d at 673).
Defendant’s remaining arguments have been considered and found to be lacking in merit.
McCarthy, J.P., Egan Jr., Lynch and Clark, JJ., concur.
Ordered that the order is modified, on the law, without costs, by reversing so much thereof as partially granted plaintiffs cross motion; cross motion denied in its entirety; and, as so modified, affirmed.

 Neither party presented affidavits or deposition testimony from Catherine Rapp or Michael Dobbs, whose respective whereabouts appear to be uncertain.