NYCTL 1998-2 Trust v Cooper Third Assoc. (2019 NY Slip Op 07081)





NYCTL 1998-2 Trust v Cooper Third Assoc.


2019 NY Slip Op 07081


Decided on October 2, 2019


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on October 2, 2019
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

WILLIAM F. MASTRO, J.P.
RUTH C. BALKIN
BETSY BARROS
LINDA CHRISTOPHER, JJ.


2016-09828
 (Index No. 11752/02)

[*1]NYCTL 1998-2 Trust, et al., respondents,
v
Cooper Third Associates, et al., defendants; Shore Holdings UK, LLC, nonparty-appellant.


Menicucci Villa Cilmi, PLLC, Staten Island, NY (Jeremy Panzella of counsel), for nonparty-appellant.
Thompson & Knight LLP, New York, NY (Evelyn H. Seeler of counsel), for respondents.



DECISION & ORDER
In a consolidated action to foreclose tax liens, nonparty Shore Holdings UK, LLC, as successor in interest to the defendant Forkash Realty Corp., appeals from an order of the Supreme Court, Richmond County (Thomas P. Aliotta, J.), dated July 5, 2016. The order denied the motion of nonparty Shore Holdings UK, LLC, pursuant to CPLR 5015(a)(4) to vacate an order of the same court dated March 18, 2010, inter alia, granting that branch of the plaintiffs' motion which was for leave to enter a default judgment against the defendant Forkash Realty Corp., and thereupon, pursuant to CPLR 3211(a)(8) to dismiss the complaint insofar as asserted against the defendant Forkash Realty Corp. for lack of personal jurisdiction or, in the alternative, pursuant to CPLR 3215(c) to dismiss the complaint insofar as asserted against the defendant Forkash Realty Corp. as abandoned or, in the alternative, for leave to serve a late answer.
ORDERED that the order dated July 5, 2016, is affirmed, with costs.
The plaintiffs commenced actions, which were later consolidated, against, among others, the defendant Forkash Realty Corp. (hereinafter Forkash) to foreclose tax liens encumbering certain real property in Staten Island. After Forkash failed to interpose a timely answer, the plaintiffs moved, inter alia, for leave to enter a default judgment against it. That branch of the motion was granted in an order dated March 18, 2010. In January 2015, Shore Holdings UK, LLC (hereinafter Shore), purchased various lots at issue in this action from Forkash. In an order and judgment of foreclosure and sale dated October 16, 2015, the Supreme Court, inter alia, directed the sale of the subject property.
In February 2016, Shore, as successor in interest to Forkash, moved pursuant to CPLR 5015(a)(4) to vacate the order dated March 18, 2010, and thereupon, pursuant to CPLR 3211(a)(8) to dismiss the complaint insofar as asserted against Forkash for lack of personal jurisdiction or, in the alternative, pursuant to CPLR 3215(c) to dismiss the complaint insofar as asserted against Forkash as abandoned or, in the alternative, for leave to serve a late answer. In support of the motion, Shore argued, inter alia, that personal jurisdiction was lacking over Forkash because that entity, having been dissolved in June 1993, could not properly have been served with process for the subject tax liabilities. In an order dated July 5, 2016, the Supreme Court denied Shore's motion. Shore appeals.
That branch of Shore's motion which was pursuant to CPLR 3215(c) to dismiss the complaint insofar as asserted against Forkash as abandoned was untimely because it was made after the entry of the order and judgment of foreclosure and sale. Thus, we agree with the denial of that branch of the motion (see P.B. #7, LLC v 231 Fourth Ave. Lyceum, LLC, 167 AD3d 1028, 1031; Fuentes v Virgil, 88 AD3d 643, 644).
Contrary to Shore's contention, the plaintiffs demonstrated that personal jurisdiction was obtained over Forkash despite its dissolution in 1993. Business Corporation Law § 1006 provides, in relevant part, that a dissolved corporation "may continue to function for the purpose of winding up the affairs of the corporation," and that "[t]he dissolution of a corporation shall not affect any remedy available . . . against such corporation . . . for any right or claim existing or any liability incurred before such dissolution" (Business Corporation Law § 1006[a], [b]; see Greater Bright Light Home Care Servs., Inc. v Jeffries-El, 151 AD3d 818, 820-821). To that end, "personal jurisdiction over a dissolved corporation may be obtained through service upon the Secretary of State'" (Bruce Supply Corp. v New Wave Mech., 4 AD3d 444, 445, quoting Camacho v New York City Tr. Auth., 115 AD2d 691, 693).
Here, the tax liens at issue included "Tax Periods" prior to Forkash's dissolution. Thus, since the plaintiffs' claims related thereto came into existence prior to Forkash's dissolution, personal jurisdiction was properly obtained over Forkash by service of process on the Secretary of State (see Business Corporation Law § 306; Bruce Supply Corp. v New Wave Mech., 4 AD3d at 445). Accordingly, we agree with the denial of those branches of Shore's motion which were to vacate the order dated March 18, 2010, and thereupon, to dismiss the complaint insofar as asserted against Forkash for lack of personal jurisdiction or, in the alternative, for leave to serve a late answer.
The parties' remaining contentions either are without merit or need not be reached in light of our determination.
MASTRO, J.P., BALKIN, BARROS and CHRISTOPHER, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court