Philadelphia Professional Collections, LLC v Star Magic, Inc. (2024 NY Slip Op 50232(U))

[*1]

Philadelphia Professional Collections, LLC v Star Magic, Inc.

2024 NY Slip Op 50232(U)

Decided on March 4, 2024

Supreme Court, New York County

Lebovits, J.

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and will not be published in the printed Official Reports.

Decided on March 4, 2024
Supreme Court, New York County

Philadelphia Professional Collections, LLC, Plaintiff,

against
Star Magic, Inc. and SHLOMO AYAL, Defendants.

Index No. 652138/2022

White and Williams, LLP, Philadelphia, PA (Robert A. Drummond of counsel), for plaintiff.
Shlomo Ayal, defendant pro se.
No appearance for defendant Star Magic, Inc.

Gerald Lebovits, J.

The following e-filed documents, listed by NYSCEF document number (Motion 002) 23, 24, 25, 26, 27, 28, 29, 30, 31, 32, 33, 34, 35, 36, 38 were read on this motion for DEFAULT JUDGMENT.
This is an action to collect attorney fees that plaintiff, Philadelphia Professional Collections, LLC, alleges are owed by defendants, Star Magic, Inc., and Shlomo Ayal.[FN1]
 Plaintiff moves under CPLR 3215 for default judgment against defendants. The motion is denied.
1. As an initial procedural matter, defendant Ayal, proceeding pro se, filed papers opposing the motion on the return date. (See NYSCEF No. 39.) Although the document is styled as an answer, in substance it is more akin to a memorandum of law. Given Ayal's pro se status, the court opts to treat his filing as a memorandum of law and to consider it, notwithstanding that [*2]it was filed on the return date, rather than two days prior.
2. A plaintiff moving for default judgment must establish proper service, the defendant's default, and the facts constituting plaintiff's claim. (See CPLR 3215 [f].) Plaintiff's affidavit of service on Star Magic states that service was made on that defendant through the Secretary of State. (See NYSCEF No. 4.) Ayal argues that service was defective because Star Magic was dissolved as a New York corporation in 2003.[FN2]
(See NYSCEF No. 39 at 1-2.) But "personal jurisdiction over a dissolved corporation may be obtained through service upon the Secretary of State," even when the dissolution occurred prior to the events giving rise to plaintiff's claim. (Bruce Supply Corp. v New Wave Mechanical, Inc., 4 AD3d 444, 445 [2d Dept 2004].)
Even "flawless" service of process, though, is insufficient to establish personal jurisdiction absent court's "power, or reach," over the defendant, "so as to enforce judicial decrees." (Keane v Kamin, 94 NY2d 263, 265 [1999].) Ayal argues that the court's power over Star Magic is lacking here because (i) Star Magic lacks the requisite contacts to New York given its dissolution; and (ii) plaintiff is a Pennsylvania partnership. (See NYSCEF No. 39 at 2; see also NYSCEF No. 2 at ¶ 1 [complaint].) This court concludes that plaintiff has not sufficiently established that this court may exercise personal jurisdiction over Star Magic.
This court sees two possible bases for personal jurisdiction. First, because Star Magic was a domestic corporation before its dissolution, it might still necessarily qualify as a domestic corporation for jurisdictional purposes, even with respect to claims that arose after dissolution. However, the parties do not provide, and this court's research has not found, any authority even addressing this issue, never mind holding that jurisdiction exists in these circumstances.
At most, Business Corporation Law § 1006 (a) (4) provides that during the post-dissolution winding-up process, a corporation may still sue or be sued in New York, and participate in actions under its corporate name. Here, though, plaintiff's claims arose well after the conclusion of any reasonable winding-up process. Plaintiff has not shown, on this record, that Star Magic's pre-dissolution status as a domestic corporation should be imputed to it now for jurisdictional purposes.
Second, a dissolved domestic corporation may be held liable on a post-dissolution claim (and thus, as a predicate, held amenable to personal jurisdiction) "if the corporation continued its operations, operated its premises, and held itself out as a de facto corporation, notwithstanding its dissolution." (Bruce Supply Corp. v New Wave Mechanical, Inc., 4 AD3d 444, 445 [2d Dept 2004].) Plaintiff has not provided evidence showing Star Magic acted in this manner.[FN3]

In short, although this court does not rule out the possibility that it has personal jurisdiction over Star Magic, plaintiff has not shown that personal jurisdiction does exist. The [*3]default-judgment motion against Star Magic is therefore denied without prejudice.
3. It appears undisputed that Ayal is a resident of Florida, not New York. (See NYSCEF No. 24 at ¶ 5 [plaintiff's party affidavit]; NYSCEF No. 39 at 2.) Ayal argues that personal jurisdiction over him is therefore absent. (NYSCEF No. 39 at 2.) Plaintiff's motion papers do not address this jurisdictional issue. And again, it is not self-evident that Ayal's contacts from Florida with White & Williams attorneys in New York are sufficiently substantial to satisfy the Fischbarg v Doucet test (see 9 NY3d 375, 380-384 [2007]).[FN4]

Ayal also argues that plaintiff lacks a cause of action against him because the assignment agreement, on which plaintiff's claims rest, provides that White & Williams is assigning to plaintiff its rights in "any Claims which W&W has or may have against Star Magic, Inc." (NYSCEF No. 2 at 13 ¶ 1.) The assignment agreement does not mention Ayal individually. Plaintiff's motion papers do not address that issue, either.
It is true that Ayal signed the engagement agreement with White & Williams twice, both as a representative of Star Magic and individually. (See NYSCEF No. 2 at 8.) Ayal may thus be held individually liable to White & Williams for unpaid bills incurred in representation provided pursuant to that engagement agreement. (See Paribas Props., Inc. v Benson, 146 AD2d 522, 525 [1st Dept 1989].) That still leaves the question, though, of Ayal's liability to plaintiff. The court declines at this time to dismiss plaintiff's claims against Ayal; it is possible that plaintiff may establish, whether through another assignment agreement or otherwise, that it has capacity to sue Ayal, as well as Star Magic. But on the current record, plaintiff has not established the facts constituting its claims against Ayal.
Accordingly, it is
ORDERED that plaintiff's default-judgment is denied; and it is further
ORDERED that if plaintiff does not, within 30 days of entry of this order, file a renewed default-judgment motion, supported by appropriate documentation with respect to the court's personal jurisdiction over each defendant and with respect to plaintiff's capacity to sue Ayal, the action will be dismissed; and it is further
ORDERED that plaintiff serve a copy of this order with notice of its entry on defendants by e-filing on NYSCEF and by certified mail, return receipt requested, directed to the defendants' respective last-known addresses.
DATE 3/4/2024

Footnotes

Footnote 1:Plaintiff is suing as the assignee of the law firm of White & Williams, LLP. (See NYSCEF No. 2 at 2 ¶ 11 [complaint]; id. at 6-7 [engagement letter]; id. at 13-14 [assignment agreement].)

Footnote 2:The Secretary of State's records, of which this court may take judicial notice, are consistent with Ayal's characterization of Star Magic as dissolved.

Footnote 3:One might assume instead that a foreign corporation operating under the name Star Magic retained White & Williams, from its state of organization, to represent it in the underlying litigation. In that case, plaintiff would have to establish that Star Magic's retention of, and interactions with, White & Williams attorneys in New York were sufficiently sustained and substantial to count as doing business in New York under Fischbarg v Doucet (9 NY3d 375, 380-384 [2007]). Plaintiff's papers on this motion do not address this issue.

Footnote 4:Among other things, approximately 90% of the hours appearing on White & Williams's invoices for the underlying action appear to have been billed by attorneys located in Pennsylvania, rather than New York. (See NYSCEF No. 26 [invoices].)