■ ADOLPH PICKNEY et al., Appellants, v WALTER S. WOOD,

III, Respondent.—Mikoll, J. Appeal from an order of the Supreme Court (Doran, J.), entered February 8, 1990 in Schenectady County, which, *inter alia,* granted defendant's motion for an extension of time to answer the complaint.

Plaintiffs moved for a default judgment against defendant on December 16, 1988 for damages incurred in an auto collision between vehicles driven by plaintiff Adolph Pickney and defendant. An interlocutory order of default was entered and the matter was thereafter adjourned several times for an inquest on the extent of damages, the last date being October 11, 1989. On September 6, 1989, attorneys representing defendant in a separate action against Pickney moved for an order compelling defendant's insurer, General Accident Insurance Company, to provide a defense and indemnification to defendant in this action. General Accident then assigned counsel to defendant.

On September 7, 1989 defendant belatedly attempted to serve an answer which was rejected by plaintiffs' counsel. Thereafter, defendant moved for an order extending his time to answer. Supreme Court vacated the interlocutory order of default and granted defendant's motion to extend his time to answer.

We note prefatorily that the appropriate remedy in this case should have been by a motion to vacate the interlocutory order of default pursuant to CPLR 5015 (a) (1). Although defendant failed to move under the appropriate rule, Supreme Court, for all intents and purposes, treated the matter as a motion pursuant to CPLR 5015 (a) (1). For purposes of judicial economy, we shall review the matter as a motion under that provision.

In order to prevail on a motion to vacate an order of default, the defendant must supply an affidavit of merit, show excusable delay and lack of prejudice to the plaintiffs *(David Sanders, P. C. v Harris A. Sanders, Architects, P. C.,* 140 AD2d 787). Supreme Court found that defendant met this burden and opened the default judgment. We find that the record supports such a finding. On the question of merit, defendant's sworn examination before trial indicates that Pickney entered State Route 50 in the Town of Glenville, Schenectady County, from a private driveway, failing to cede the right-of-way to defendant who was traveling on Route 50 within the speed limit. Defendant indicates that he was unable to avoid the collision precipitated by Pickney's unexpected entry into the road. Defendant's testimony under oath, submitted on the motion, fulfills the requirements of an affidavit of merit.

On the question of reasonable excuse, the affidavit of Lillian Wein, claim representative for General Accident, indicates that defendant timely notified his insurance company of the action against him and that the delay was caused by an employee of General Accident who discarded or destroyed the file, together with 40 or 50 additional files, and failed to follow the company's directives in settling the matter or in forwarding the file to counsel for defense of the action. The employee's actions were due to emotional problems. General Accident did not learn of the default until defendant's personal counsel notified them thereof. Counsel was then assigned and this motion followed forthwith. Supreme Court's finding that these circumstances constituted a reasonable excuse for the delay in answering is supported by the record. We find also that no demonstrable prejudice accrued to plaintiffs by the opening of the default.

In view of the established policy favoring a disposition of cases on the merits, we find that Supreme Court did not abuse its discretion in vacating the default judgment *(see, Umlauf v County of Chautauqua,* 105 AD2d 1104).

Order affirmed, without costs. Mahoney, P. J., Kane, Casey, Weiss and Mikoll, JJ., concur.