■ JACQUELINE DUGAN, Plaintiff, v IDA BELIK et al., Defendants and Third-Party Plaintiffs-Respondents. ROBERT E. DUGAN, Third-Party Defendant-Appellant.—Mahoney, P. J. Appeal from an order of the Supreme Court (Plumadore, J.), entered July 23, 1990 in Schenectady County, which denied third-party defendant's motion to vacate a default judgment entered against him.

Plaintiff suffered injuries when the car in which she was a passenger was involved in an accident with a car owned and operated by defendants. Plaintiff seeks damages from defendants, who commenced a third-party action against third-party defendant who operated the car in which plaintiff was a passenger. It appears that an answer in the third-party action was not served until some 42 days after it was due because third-party defendant's insurance carrier failed to promptly forward the third-party complaint to its counsel. Defendants rejected the answer. After defendants moved for a default judgment, third-party defendant moved for leave to serve a late answer. Supreme Court granted a default judgment and denied leave to serve a late answer. We dismissed an appeal from the default judgment (157 AD2d 991) and third-party defendant moved to vacate the default. Supreme Court denied the motion and this appeal followed.

We affirm. Relief from default under CPLR 5015 (a) (1) requires, *inter alia,* a reasonable excuse for the pleading delay *(see, e.g., Rockefeller v Jeckel,* 161 AD2d 1090). In this case, third-party defendant has attributed his delay in answering to some "inadvertent internal delay" of its insurance carrier. There is no detailed recitation of explanation for the delay as was offered in cases where a default was vacated, such as *Pickney v Wood* (165 AD2d 949) or *Davies v Contel of N. Y.* (155 AD2d 809). We cannot accept the rather amorphous

excuse offered as reasonable. In the absence of a suitable excuse, we are constrained to affirm Supreme Court's denial of third-party defendant's motion to vacate the default judgment entered against him.

Order affirmed, with costs. Mahoney, P. J., Casey, Weiss, Mercure and Harvey, JJ., concur.