■ RESIDENTIAL BOARD OF MANAGERS OF THE 99 JANE STREET CONDOMINIUM, Plaintiff, v ROCKROSE DEVELOPMENT CORP. et al., Defendants. ROCKROSE DEVELOPMENT CORP., et al., Third-Party Plaintiffs-Respondents, v COSENTINI ASSOCIATES, LLP, et al., Third-Party Defendants, and NEW JERSEY WINDOW SALES, INC., Third-Party Defendant-Appellant. [796 NYS2d 35]—

Order, Supreme Court, New York County (Paul G. Feinman, J.), entered February 6, 2004, which denied the motion by third-party defendant New Jersey Window Sales (Window Sales) to vacate a default judgment in the third-party action, unanimously affirmed, with costs.

Denial of vacatur was an appropriate exercise of discretion in light of the failure of Window Sales to demonstrate a reasonable excuse for the default (CPLR 5015 [a] [1]; *Dugan v Belik*, 170 AD2d 746 [1991]). Service of process was properly made on this third-party defendant's designated agent by means of service upon the Secretary of State, and the records indicate that Window Sales was a viable corporation at the time. Nor did Window Sales demonstrate lack of actual personal notice (CPLR 317), since its attorneys were aware of the action and had actively engaged in negotiations with its insurance carrier prior to the filing of the motion for a default judgment (*Maines Paper & Food Serv. v Farmington Foods*, 233 AD2d 595 [1996]; *see also Gibson, Dunn & Crutcher v Global Nuclear Servs. & Supply*, 280 AD2d 360, 362 [2001]).

We have considered the remaining arguments of Window Sales and find them without merit. Concur—Mazzarelli, J.P., Andrias, Friedman, Sweeny and Catterson, JJ.