■ In the Matter of RENAISSANCE ECONOMIC DEVELOPMENT CORPORATION, Respondent, v JIN HUA LIN, Appellant. [2 NYS3d 787]—

Order, Supreme Court, New York County (Eileen A. Rakower, J.), entered June 10, 2013, which denied respondent's motion to vacate a default judgment against her and for credit under the homestead exemption, unanimously affirmed, without costs.

The court properly denied vacatur under CPLR 317, where respondent admitted she had actual notice of the petition in time to defend (*see Residential Bd. of Mgrs. of 99 Jane St. Condominium v Rockrose Dev. Corp.*, 17 AD3d 194 [1st Dept 2005]). The court also correctly declined to vacate under CPLR 5015 (a) (3), which allows for vacatur where the judgment was obtained by fraud or misconduct. The fraud referenced in the statute must be "extrinsic fraud," that is, a fraud on the defaulting party that induces them not to defend the case (*Shaw v Shaw*, 97 AD3d 403, 403 [2d Dept 1983]; *see Aguirre v Aguirre*, 245 AD2d 5, 7 [1st Dept 1997]). Respondent's supposed confusion over the relief sought in the petition is not a basis for such vacatur and she points to no other extrinsic fraud. Furthermore, while respondent may have had a partial defense to the action or sale under the homestead exemption of CPLR 5206 (e), by defaulting and otherwise failing to assert the exemption, she waived any such privilege (*see e.g. Matter of*

*Balanoff v Niosi*, 16 AD3d 53, 56 [2d Dept 2005]). Concur—Friedman, J.P., Sweeny, Acosta, DeGrasse and Gische, JJ.