Country-Wide Ins. Co. v Power Supply, Inc. (2020 NY Slip Op 00038)





Country-Wide Ins. Co. v Power Supply, Inc.


2020 NY Slip Op 00038


Decided on January 2, 2020


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on January 2, 2020

Richter, J.P., Gische, Mazzarelli, Gesmer, JJ.


10679N 106110/11

[*1] Country-Wide Insurance Company, et al., Plaintiffs-Respondents,
v
Power Supply, Inc., Defendant-Appellant.


Gary Tsirelman, P.C., Brooklyn (Gary Tsirelman of counsel), for appellant.
Thomas Torto, New York, for respondents.



Order, Supreme Court, New York County (Gerald Lebovits, J.), entered July 31, 2017, which denied defendant's motion to vacate a default judgment against it, unanimously affirmed, with costs.
Defendant failed to show that its default should be vacated under either CPLR 317 or CPLR 5015[a][1]). Under CPLR 317, defendant was required to demonstrate that it did not receive notice of the summons in time to defend and that it had a meritorious defense (see Gonzalez v City of New York, 106 AD3d 436, 437 [1st Dept 2013]). Defendant's conclusory denial of receipt of the summons and complaint from the Secretary of State, although the address used was defendant's correct business address, is insufficient to rebut the presumption of service created by the Secretary of State's affidavit of service (see Gourvitch v 92nd & 3rd Rest Corp, 146 AD3d 431 [1st Dept 2017]).
Moreover, defendant's attorney was aware of the action since he received a courtesy copy of the summons and complaint. (Residential Bd. Of Mgrs. Of 99 Jane St. Condominium v Rockrose Dev. Corp., 17 AD3d 194 [1st Dept. 2005]).
Defendant's proffered defense to failing to appear for two Examinations Under Oath (EUO) is that the location was inconvenient, it needed time to comply with the voluminous document request, its counsel withdrew at the last moment due to intimidation by plaintiffs, and plaintiffs failed to provide a sufficient explanation for the EUOs. However, the record demonstrates that defendant agreed to the location, had sufficient time to search its records, and did not cite the need for additional time to find documents in its request for an adjournment. As to the adjournment of the second scheduled EUO purportedly because of counsel's withdrawal, it is undisputed that the attorney appeared for the EUO and defendant did not. The withdrawal occurred after the second aborted EOU. Defendant contends that the request for the EUOs was improper because plaintiffs failed to show how all the claims were related to an allegedly staged accident involving a single claimant and his passenger, but its principal did not deny knowledge of fraudulent claims or staged accidents, and the EUOs reasonably sought to determine whether defendant's claims were legitimate.
Under CPLR 5015(a)(1), defendant was required to demonstrate both a reasonable excuse for its default and a meritorious defense (Benson Park Assoc., LLC v Herman, 73 AD3d 464, 465 [1st Dept 2010]). As indicated, defendant failed to demonstrate a meritorious defense. Although we need not consider its proffered excuse, we note that defendant's conclusory denial of receipt of process does not constitute a reasonable excuse (State Farm Mut. Auto. Ins. Co. v Dr. Ibrahim Fatiha Chiropractic, P.C., 147 AD3d
696, 697 [1st Dept 2017], lv denied 29 NY3d 912 [2017]).
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: JANUARY 2, 2020
CLERK