Turner v Higgins (2020 NY Slip Op 00938)





Turner v Higgins


2020 NY Slip Op 00938


Decided on February 7, 2020


Appellate Division, Fourth Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on February 7, 2020
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: WHALEN, P.J., CARNI, BANNISTER, AND DEJOSEPH, JJ.


77 CA 19-01269

[*1]MICHAEL TURNER, PLAINTIFF-APPELLANT,
v
BETH HIGGINS, ET AL., DEFENDANTS.  FARMERS NEW CENTURY INSURANCE COMPANY, INTERVENOR-RESPONDENT. 






VAN HENRI WHITE, ROCHESTER, FOR PLAINTIFF-APPELLANT.
RUPP BAASE PFALZGRAF CUNNINGHAM LLC, ROCHESTER (AMY L. DIFRANCO OF COUNSEL), FOR INTERVENOR-RESPONDENT. 


 Appeal from an order of the Supreme Court, Monroe County (J. Scott Odorisi, J.), entered December 18, 2018. The order, among other things, denied plaintiff's motion to vacate a prior judgment. 
It is hereby ORDERED that the order so appealed from is unanimously affirmed without costs.
Memorandum: Plaintiff, as limited by his brief, appeals from that part of an order that denied his motion pursuant to CPLR 5015 (a) (3) to vacate the default judgment he previously obtained against Beth Higgins (defendant). We conclude that Supreme Court did not abuse its discretion in denying the motion (see generally Woodson v Mendon Leasing Corp., 100 NY2d 62, 68 [2003]). Although defendant failed to respond to the complaint or subsequent discovery requests seeking information regarding her insurance carrier, there is no evidence that defendant engaged in fraud, misrepresentation or other misconduct that induced plaintiff to obtain the default judgment in the absence of such information (see Matter of Renaissance Economic Dev. Corp. v Jin Hua Lin, 126 AD3d 465, 465 [1st Dept 2015], lv dismissed 26 NY3d 953 [2015]; Shaw v Shaw, 97 AD2d 403, 403 [2d Dept 1983]). Instead, plaintiff's motion papers confirm that he was aware at the time that he sought the default judgment of the likelihood that defendant had insurance coverage in connection with an existing mortgage, but plaintiff failed to take further steps to compel the production of that information prior to the entry of the judgment.
Entered: February 7, 2020
Mark W. Bennett
Clerk of the Court