Jansons Associated Inc. v 12 E. 72nd LLC (2020 NY Slip Op 04003)





Jansons Associated Inc. v 12 E. 72nd LLC


2020 NY Slip Op 04003


Decided on July 16, 2020


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on July 16, 2020

Manzanet-Daniels, J.P., Mazzarelli, Gesmer, Oing, Singh, JJ.


11845 656755/16

[*1] Jansons Associated Inc., Plaintiff-Respondent,
v
12 E. 72nd LLC, et al., Defendants-Appellants, Steven Croman, Defendant.


Rose & Rose, New York (Dean Dreiblatt of counsel), for appellants.



Order, Supreme Court, New York County (Nancy M. Bannon, J.), entered March 13, 2018, which, insofar as appealed from as limited by the briefs, denied the cross motion of defendants 12 E. 72nd LLC (Owner) and Merrick Real Estate Group, Inc. (Merrick) to vacate their default in appearing and answering the complaint, unanimously affirmed, with costs.
The motion court providently exercised its discretion when it determined that Owner and Merrick failed to articulate a reasonable excuse for their default under CPLR 5015(a)(1) (see Eugene Di Lorenzo, Inc. v A.C. Dutton Lbr. Co., 67 NY2d 138, 142 [1986]; Chevalier v 368 E. 148th St. Assoc., LLC, 80 AD3d 411, 413-414 [1st Dept 2011]). Merrick admits that it received a timely copy of the complaint in January 2017, and provides no basis for its assumption that Owner would defend against the action on its behalf (see D & R Global Selections, S.L. v Bodega Olegario Falcon Pineiro, 90 AD3d 403, 405 [1st Dept 2011]). Moreover, Owner's unspecified problems with mail and its member's bare denial of receipt of the complaint do not constitute a reasonable excuse (see e.g. State Farm Mut. Auto. Ins. Co. v Dr. Ibrahim Fatiha Chiropractic, P.C., 147 AD3d 696, 697 [1st Dept 2017], lv denied 29 NY3d 912 [2017]).
Owner and Merrick also failed to establish that they did not receive notice of the summons in time to defend against the action under CPLR 317 (see Eugene Di Lorenzo, Inc., 67 NY2d at 141-142).
In view of the foregoing, we need not reach the issue of whether a meritorious defense was set forth (see Cusumano v Riley Land Surveyors, LLP, 179 AD3d 593, 594 [1st Dept 2020]; M.R. v 2526 Valentine LLC, 58 AD3d 530, 532 [1st Dept 2009]).
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: JULY 16, 2020
CLERK