U.S. Bank Natl. Assn. v Hao T. Hoang (2020 NY Slip Op 06077)





U.S. Bank Natl. Assn. v Hao T. Hoang


2020 NY Slip Op 06077


Decided on October 27, 2020


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: October 27, 2020

Before: Gische, J.P., Oing, Scarpulla, Mendez, JJ. 


Index No. 850176/15 Appeal No. 12216N Case No. 2019-04946 

[*1]U.S. Bank National Association, etc., Plaintiff-Respondent,
v
Dr. Hao T. Hoang, etc., Defendant-Appellant, Wachovia Bank National Association, et al., Defendants.


Law Office of Craig D. Robins, Melville (Gail M. Blasie of counsel), for appellant.
Reed Smith LLP, New York (James N. Faller of counsel), for respondent.



Order, Supreme Court, New York County (Arlene P. Bluth, J.), entered September 17, 2019, which denied defendant's motion to vacate an order, same court (Geoffrey D. Wright, J.), entered on or about January 3, 2017, inter alia, granting, on default, plaintiff's motion for summary judgment and the appointment of a referee, and a judgment of foreclosure and sale, same court (Judith N. McMahon, J.), entered May 23, 2018, on default, unanimously affirmed, with costs.
Although the motion court may have failed to address whether defendant demonstrated a reasonable excuse for his default, the record shows that defendant, acting pro se, filed a Chapter 13 petition for bankruptcy protection listing plaintiff as a creditor, which resulted in an automatic stay of the September 5, 2018 foreclosure sale, on August 30, 2018. Thus, his claims that he was unaware of the foreclosure proceedings due to the long-term illness of defendant's attorney, who neglected to advise defendant that he was no longer able to defend him in this residential foreclosure action, ring hollow. At the very least he knew about the default judgment in February 2019 when he moved to stay the foreclosure sale. Defendant only first sought to vacate his 2017 default four months later, in June 2019. Under these circumstances, defendant failed to demonstrate a reasonable excuse for his default (see Jansons Associated Inc. v 12 E. 72nd LLC, 185 AD3d 499 [1st Dept 2020]). In view of this determination, we need not reach the issue of the availability of a meritorious defense (id.).
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: October 27, 2020