New York City Economic Dev. Corp. v GCC, LLC (2022 NY Slip Op 05537)

New York City Economic Dev. Corp. v GCC, LLC

2022 NY Slip Op 05537

Decided on October 5, 2022

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on October 5, 2022
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

FRANCESCA E. CONNOLLY, J.P.
LINDA CHRISTOPHER
WILLIAM G. FORD
DEBORAH A. DOWLING, JJ.

2021-00553
 (Index No. 705778/17)

[*1]New York City Economic Development Corp., respondent, 
v
GCC, LLC, appellant.

Windels Marx Lane & Mittendorf, LLP, New York, NY (Scott R. Matthews, John H. Keneally, and Elizabeth G. Uphaus of counsel), for appellant.
Sylvia O. Hinds-Radix, Corporation Counsel, New York, NY (Claude S. Platton and Claibourne Henry of counsel), for respondent.

DECISION & ORDER
In an action, inter alia, for a judgment declaring that the plaintiff is the fee owner of certain real property, the defendant appeals from an order of the Supreme Court, Queens County (Carmen R. Velasquez, J.), entered December 17, 2020. The order denied the defendant's motion pursuant to CPLR 317 and 5015(a)(1) to vacate an order and judgment (one paper) of the same court entered October 3, 2019, upon the defendant's failure to appear or answer the complaint.
ORDERED that the order is affirmed, with costs.
The plaintiff commenced this action in April 2017, inter alia, for a judgment declaring it the fee owner of certain real property located in Queens. Upon the defendant's failure to appear in the action or answer the complaint, the plaintiff's motion for leave to enter a default judgment was granted, and in an order and judgment entered October 3, 2019, the Supreme Court, among other things, declared the plaintiff the owner of the subject property. Thereafter, by notice of motion dated March 13, 2020, the defendant moved pursuant to CPLR 317 and 5015(a)(1) to vacate the order and judgment. In an order entered December 17, 2020, the court denied the motion. The defendant appeals, and we affirm.
"Pursuant to CPLR 317, a defaulting defendant who was served with a summons other than by personal delivery may be permitted to defend the action upon a finding by the court that the defendant did not personally receive notice of the summons in time to defend and has a potentially meritorious defense" (Bookman v 816 Belmont Realty, LLC, 180 AD3d 986, 987; see Deutsche Bank Natl. Trust Co. v Benitez, 179 AD3d 891, 892-893). Here, the defendant, who was served by delivery of copies of the summons and complaint to the Secretary of State, submitted an affidavit from one of its corporate members who averred that "the Summons and Complaint were reviewed in or around May or June of 2017." Thus, the record demonstrates that the defendant personally received notice of the summons in time to defend the action (see Country-Wide Ins. Co. v Power Supply, Inc., 179 AD3d 405, 406; Residential Bd. of Mgrs. of 99 Jane St. Condominium v Rockrose Dev. Corp., 17 AD3d 194, 194). Contrary to the defendant's contention, its failure to update the address it had on file with the Secretary of State to one at which the mail was more frequently checked is insufficient to establish that it did not receive the requisite notice (see Andrews [*2]v Wartburg Receiver, LLC, 203 AD3d 1000; Country-Wide Ins. Co. v Power Supply, Inc., 179 AD3d 405; cf. Villacis v City of New York, 170 AD3d 1243, 1243-1244).
"In contrast to a motion pursuant to CPLR 317, on a motion pursuant to CPLR 5015(a)(1), the movant is required to establish a reasonable excuse for his or her default" (Dwyer Agency of Mahopac, LLC v Dring Holding Corp., 164 AD3d 1214, 1216). Under the circumstances of this case, the defendant's belief that a nonparty to whom it forwarded the summons and complaint would defend the action on its behalf does not constitute a reasonable excuse for its default (see Madison Acquisition Group, LLC v 7614 Fourth Real Estate Dev., LLC, 111 AD3d 800, 800; Trepel v Greenman-Pedersen, Inc., 99 AD3d 789, 791). The defendant's additional contention that its failure to update the address on file with the Secretary of State established a reasonable excuse is improperly raised for the first time on appeal (see 1200 Bedford Ave., LLC v Grace Baptist Church, 199 AD3d 971, 972-973).
The defendant's remaining contentions either are without merit or need not be reached in light of our determination.
Accordingly, the Supreme Court properly denied the defendant's motion pursuant to CPLR 317 and 5015(a)(1) to vacate the order and judgment.
CONNOLLY, J.P., CHRISTOPHER, FORD and DOWLING, JJ., concur.
ENTER:
Maria T. Fasulo
Clerk of the Court