**Unitrin Safeguard Ins. Co. v Della-Noce**

2024 NY Slip Op 33296(U)

September 19, 2024

Supreme Court, New York County

Docket Number: Index No. 158834/2022

Judge: Mary V. Rosado

Cases posted with a "30000" identifier, i.e., 2013 NY Slip Op 30001(U), are republished from various New York State and local government sources, including the New York State Unified Court System's eCourts Service.

This opinion is uncorrected and not selected for official publication.

# SUPREME COURT OF THE STATE OF NEW YORK
# NEW YORK COUNTY

PRESENT: **HON. MARY V. ROSADO**  PART  **33M**

*Justice*

-----------------------------------------------------------------------X

UNITRIN SAFEGUARD INSURANCE COMPANY,

Plaintiff,

- v -

CIRO DELLA-NOCE, EDWARD MOSQUEA, WANDY DE LA CRUZ-RAMOS, 21 PHYSICAL THERAPY, PC,ADVANCED RECOVERY EQUIPMENT AND SUPPLIES, LLC,AILIN CHINESE ACUPUNCTURE, PC,ALL CITY FAMILY HEALTHCARE CENTER, INC.,ALL HEALTH DME, INC.,ROCKAWAYS ASC DEVELOPMENT, LLC,BL PAIN MANAGEMENT, PLLC,BORUKHOV RADIOLOGY PLLC,BOWEN, MD PLLC,CITIMED COMPLETE MEDICAL CARE PC,COMPLETE NEUROPSYCHOLOGY, PC,COMPREHENSIVE MONITORING ASSOCIATES, DLA PHYSICIAN ASSISTANT, PC,DRS SUPPLY INC.,EAST COAST MED GROUP INC.,EXPERT PHARMACY INC.,FOUR SEASONS ACUPUNCTURE, FRANKLIN RX INC.,GET WELL RX INC.,HILLS CHIROPRACTIC PC,KDV MEDICAL, PC,KOLB RADIOLOGY, PC,KRASNER CHIROPRACTIC, PC,LENCO DIAGNOSTIC LABORATORIES, INC.,MARK L. RITCH, MAXIM ORTHOPAEDICS, PLLC,MEADOWLANDS CARDOLOGY, PC,MEGA DEAL GROUP CORP, MID-ROCKAWAY AVE MEDICAL, PC,MOTION MEDICAL DIAGNOSTIC, PC,NEXTSTEP HEALING, INC.,NIMBLE SOLUTION, INC.,NYEEQASC, LLC,ORTHOMOTION REHAB DME, INC.,PAIN RELIEF RX, INC.,PRECISE MEDICAL SOLUTIONS, LLC,PROGRESSIVE MEDICAL CARE, PC,PSYCHOLOGY 21, PC,QUALITY CARE RX, INC.,RIGHT CHOICE MEDICAL SUPPLY, INC.,RUTMAN MEDICAL, PLLC,S&M PHARMACY, SEDATION VACATION PERIOPERATIVE MEDICINE PLLC,STAR MEDICAL DIAGNOSTIC PC,TITAN PHARMACY LEVRON, INC.,NY ORTHOPEDICS, PC,WILLIAM L. KING, MD, PC

Defendant.

-----------------------------------------------------------------------X

| | |
|---|---|
| INDEX NO. | 158834/2022 |
| MOTION DATE | 09/24/2024 |
| MOTION SEQ. NO. | 002 |

**DECISION + ORDER ON MOTION**

The following e-filed documents, listed by NYSCEF document number (Motion 002) 127, 128, 129, 130, 131, 132, 134, 135, 136

were read on this motion to/for  VACATE - DECISION/ORDER/JUDGMENT/AWARD.

Upon the foregoing documents submitted by James Landau, Esq. on behalf of Defendants

Wandy De La Cruz-Ramos ("Mr. De La Cruz-Ramos") and Edward Mosquea's ("Mr. Mosquea")

**158834/2022  UNITRIN SAFEGUARD INSURANCE COMPANY vs. DELLA-NOCE, CIRO ET AL**  Page 1 of 4
**Motion No. 002**

1 of 4

(collectively "Movants"), and the documents submitted in opposition by Lindsay A. Padover, Esq. on behalf of Plaintiff Unitrin Safeguard Insurance Company ("Plaintiff"), Movants' motion to vacate the default judgment entered against them is denied.

This is a declaratory judgment action seeking a declaration that Plaintiff does not owe no-fault benefits to various medical providers, the Movants, and an individual Defendant named Ciro Della-Noce (*see generally* NYSCEF Doc. 1). Although some defendants answered, Plaintiff moved for default judgment against Mr. De La Cruz-Ramos and Mr. Mosquea. This Court granted that motion on June 26, 2023 (NYSCEF Doc. 116). On June 21, 2024, the Movants filed the instant motion seeking to vacate their default and extend their time to answer (NYSCEF Doc. 127).

Movants argue that they were never properly served. Mr. De La Cruz-Ramos argues that although the affidavit of service claims it was made at his place of usual abode, he was living at a different address at the time of service. As to Mr. Mosquea, he does not dispute living at the address where service was effectuated but claims that vacatur is appropriate under CPLR § 317 because he never received notice of the summons and complaint in time to defend. The Movants also argue that they have a reasonable excuse for vacatur under CPLR § 5015(a)(1) because "they did not know about the action." Finally, Movants argue that the non-military affidavits proffered in support of default judgment are either insufficient or non-existent.

In opposition, Plaintiff claims that the address at which Mr. De La Cruz-Ramos was served was 6 Bedford Avenue, Freeport, New York (the "Bedford Address"). This is the same address he provided at his examination under oath and the address listed on his application for no-fault benefits. Mr. De La Cruz-Ramos used this address when treating with various doctors after he was served. His own attorney also provided this address on HIPAA authorizations after he was served. Plaintiff argues the mere denial that a defendant did not receive the summons and complaint is

[* 2]

insufficient to establish the lack of notice of the action. Plaintiff further argues that the Movants have failed to explain their lengthy delay in seeking vacatur. Plaintiff claims Movants fail to provide a meritorious defense to their failure to subscribe their EUO transcripts of Plaintiff's claim that the accident was staged.

The First Department has held that conclusory denial of receipt of a summons and complaint is insufficient to rebut the presumption of service (*Country-Wide Ins. Co. v Power Supply, Inc.*, 179 AD3d 405 [1st Dept 2020]). Moreover, pursuant to CPLR 317, a defendant seeking vacatur must establish a meritorious defense (*Castillo v 2460 Tiebout Ave. Associates, LLC*, 209 AD3d 518 [1st Dept 2022]). Failure to adequately demonstrate a meritorious defense is fatal to a motion to vacate (*Peacock v Kalikow*, 239 AD2d 188 [1st Dept 1997]). The meritorious defense must be set forth in an affidavit from an individual with knowledge of the facts and must make sufficient factual allegations, not mere conclusory or vague assertions (*id.* at 190).

Here, the affidavits of Mr. De La Cruz-Ramos and Mr. Mosquea do not address their defenses to Plaintiff's claims at all but merely assert they did not receive notice of the summons and complaint. The failure to provide a meritorious defense, set forth with factual assertions, is insufficient to vacate default. Failure to subscribe an EUO transcript constitutes a violation of a condition precedent to coverage and neither Movant addresses this alleged breach in any of their moving papers (*Hertz Vehicles, LLC v Best Touch PT, P.C.*, 162 AD3d 617 [1st Dept 2018]). Therefore, vacating default pursuant to CPLR 317 or 5015 would be inappropriate and contrary to the CPLR and binding precedent. Movants arguments that there were insufficient affidavits of non-military service is meritless as they were annexed to Plaintiff's motion for default judgment (*see* NYSCEF Doc. 66). Thus, the motion is denied.

[* 3]

Accordingly, it is hereby,

ORDERED that Defendants Wandy De La Cruz-Ramos and Edward Mosquea's motion seeking to vacate the default judgment entered against them is denied; and it is further

ORDERED that within ten days of entry, counsel for Plaintiff shall serve a copy of this Decision and Order, with notice of entry, on all parties via NYSCEF.

This constitutes the Decision and Order of the Court.

| 9/19/2024 | | _Mary V Rosat JSC_ |
|-----------|---|-----------------------|
| DATE | | HON. MARY V. ROSADO, J.S.C. |

CHECK ONE:

| | | | |
|---|---|---|---|
| ☐ CASE DISPOSED | | ☒ NON-FINAL DISPOSITION | |
| ☐ GRANTED | ☒ DENIED | ☐ GRANTED IN PART | ☐ OTHER |

APPLICATION: ☐ SETTLE ORDER ☐ SUBMIT ORDER

CHECK IF APPROPRIATE: ☐ INCLUDES TRANSFER/REASSIGN ☐ FIDUCIARY APPOINTMENT ☐ REFERENCE

158834/2022 UNITRIN SAFEGUARD INSURANCE COMPANY vs. DELLA-NOCE, CIRO ET AL
Motion No. 002

Page 4 of 4

4 of 4

[* 4]