4CS Ltd v Kahiri Diamonds Ltd (2024 NY Slip Op 04513)

4CS Ltd v Kahiri Diamonds Ltd

2024 NY Slip Op 04513

Decided on September 24, 2024

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: September 24, 2024

Before: Singh, J.P., Gesmer, Scarpulla, Rodriguez, Michael, JJ. 

Index No. 650976/20 Appeal No. 2605 Case No. 2023-06790 

[*1]4CS Ltd, Respondent,
v
Kahiri Diamonds Ltd et al., Appellants.

Shiryak Bowman, Anderson Gill & Kadochnikov, LLP, Kew Gardens (Btzalel Hirschhorn of counsel), for appellants.
Law Offices of Michael M. Cohen, Wesley Hills (Michael M. Cohen of counsel), for respondent.

Order, Supreme Court, New York County (Margaret A. Chan, J.), entered October 24, 2023, which denied defendants' motion to vacate the default judgment against Kahiri Diamonds Ltd and Itay Kahiri LLC, unanimously affirmed, with costs.
Contrary to defendants' contention that the action should be dismissed under CPLR 306-b, we find that the summons and complaint were timely served considering the executive orders tolling the time limit for service of process during the COVID-19 pandemic (see Murphy v Harris, 210 AD3d 410, 411 [1st Dept 2022]).
Supreme Court providently declined to vacate the default under CPLR 317 where service of process on corporate defendants was properly made by means of service upon the Secretary of State, and defendants failed to demonstrate lack of actual notice of the action (see Residential Bd. of Mgrs. of 99 Jane St. Condominium v Rockrose Dev. Corp., 17 AD3d 194, 194 [1st Dept 2005]). Defendant Kahiri's admission in his sworn affidavit that he was aware plaintiff had filed a lawsuit against him in New York in 2020, and therefore engaged in settlement negotiations with plaintiff during that period, manifests actual notice of the action (id.; see also Matter of Renaissance Economic Dev. Corp. v Jin Hua Lin, 126 AD3d 465 [1st Dept 2015], lv dismissed 26 NY3d 953 [2015]).
Supreme Court providently denied defendants' motion under CPLR 5015(a)(1) for failure to provide a reasonable excuse for their default. Defendants' denials of receipt of service, without proof, fall short of creating reasonable excuse (see Matter of de Sanchez, 57 AD3d 452, 454 [1st Dept 2008]). Furthermore, defendants' claim that the parties were involved in settlement negotiations does not constitute a reasonable excuse (see Neely v Felicetti, 177 AD3d 484, 484 [1st Dept 2019]).
We have considered defendants' remaining contentions and find them unavailing. THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: September 24, 2024