**337 E 77 LP v Jawitz**

2025 NY Slip Op 30993(U)

March 28, 2025

Supreme Court, New York County

Docket Number: Index No. 156170/2024

Judge: Lyle E. Frank

Cases posted with a "30000" identifier, i.e., 2013 NY Slip Op 30001(U), are republished from various New York State and local government sources, including the New York State Unified Court System's eCourts Service.

This opinion is uncorrected and not selected for official publication.

# SUPREME COURT OF THE STATE OF NEW YORK
# NEW YORK COUNTY

PRESENT:    **HON. LYLE E. FRANK**                     PART                11M

                                    *Justice*

-----------------------------------------------------------------------X

337 E 77 LP                                              INDEX NO.        156170/2024

                                                        MOTION DATE      11/13/2024
                            Plaintiff,

                                                        MOTION SEQ. NO.      001
                - v -

LYNN JAWITZ,                                            **DECISION + ORDER ON**
                                                            **MOTION**
                            Defendant.

-----------------------------------------------------------------------X

The following e-filed documents, listed by NYSCEF document number (Motion 001) 4, 5, 6, 7, 8, 9, 10, 11, 12, 13, 14, 16, 17, 18, 19, 20, 21, 22, 23, 24, 25, 27, 28

were read on this motion to/for              JUDGMENT - DEFAULT                .

Upon the foregoing documents, plaintiff's motion is granted as to liability and defendant's cross-motion is denied.

## *Background*

337 East 77 LP ("Plaintiff") leased an apartment to Lynn Jawitz ("Defendant") in 2016. The extended lease expired in August of 2019, and Defendant did not vacate the apartment at that time. Plaintiff brought a holdover proceeding in Housing Court, which was litigated over several years. In 2023, the parties entered into a stipulation of settlement, which stated that it did not account for any arrears up through January 31, 2023. Plaintiff alleges that Defendant has not paid the outstanding arrears leading up to the settlement, nor has Defendant paid the use and occupancy that was due pursuant to the settlement for the months after the lease expired. In response, Plaintiff brought the underlying proceeding seeking a money judgment, alleging breach of contract and unjust enrichment. Plaintiff also seeks legal fees pursuant to the terms of the lease and the settlement agreement.

## *Procedural and Service History*

[* 1]

The complaint was filed in July of 2024. According to the affidavit of service, after being unable to make personal service at Defendant's address, the summons and complaint were affixed to the door and mailed to Defendant. According to Defendant's affidavit, the notice posted to her door did not contain the summons and complaint. When Defendant did not answer or otherwise appear in the proceeding, Plaintiff brought the present motion for default judgment in November of 2024. The notice of motion was mailed to the same address that the summons and complaint were mailed to, according to the affidavit of service. In December of 2024, counsel made an appearance for Defendant and requested an adjournment of the motion, which was granted. The same counsel had represented Defendant in the holdover proceeding, and Plaintiff's counsel alleges that they informed Defendant's counsel of this suit when the complaint was filed. In January, Defendant cross-moved to deny the default judgment and for an extension of time to answer.

### *Reasonable Excuse and Meritorious Defense Is the Applicable Standard*

As a threshold matter, Defendant argues that they do not have to establish reasonable excuse and meritorious defense in opposition to the motion for default judgment, as judgment has not yet been actually entered. This argument is unavailing. Appellate department precedent routinely applies the reasonable excuse and meritorious defense standard to instances where a motion for default judgment is opposed by a cross-motion to deny the default, prior to the granting of the default judgment. *See, e.g., Cedar Grove Capital Partners v. Ehrlich*, 227 A.D.3d 539, 539 (1st Dept. 2024); *154 E. 62 LLC v. 156 E. 62nd St. LLC*, 159 A.D.3d 498, 498 (1st Dept. 2018); *DeFedericis v. Vince's Pizza Plus, Inc.*, 229 A.D.3d 1210, 1211 (4th Dept. 2024). Therefore, Defendant here is required to establish a reasonable excuse for default.

**156170/2024   337 E 77 LP vs. JAWITZ, LYNN**
**Motion No.  001**

**Page 2 of 4**

Defendant alleges that she did not receive the summons and complaint. Conclusory denial of service is not sufficient to rebut the presumption of service created by an affidavit of service. *Country-Wide Ins. Co. v. Power Supply, Inc.*, 179 A.D.3d 405, 406 (1st Dept. 2020); *see also Matter of Medallion Fin. Corp. v. Rucker*, 223 A.D.3d 497, 498 (1st Dept. 2024). The process server's 'nail and mail' service was properly done according to CPLR § 308(4), and the presumption of proper service has not been rebutted. Plaintiff has properly made a case for default judgment on liability, and Defendant has not established a reasonable excuse. Accordingly, it is hereby

ORDERED and ADJUDGED that plaintiff's motion for default judgment is granted as to liability; and it is further

ADJUDGED that defendant's cross-motion is denied; and it is further

ORDERED that an assessment of damages against defendant Lynn Jawitz is directed, and it is further

ORDERED that a copy of this order with notice of entry be served by the movant upon the Clerk of the General Clerk's Office, who is directed, upon the filing of a note of issue and a certificate of readiness and the payment of proper fees, if any, to place this action on the appropriate trial calendar for the assessment hereinabove directed; and it is further

ORDERED that such service upon the Clerk of the General Clerk's Office shall be made in accordance with the procedures set forth in the *Protocol on Courthouse and County Clerk Procedures for Electronically Filed Cases* (accessible at the "E-Filing" page on the court's website).

**156170/2024   337 E 77 LP vs. JAWITZ, LYNN**
  **Motion No.  001**

**Page 3 of 4**

3 of 4

20250328124030LFRANK02BE470C67274A3DB9A09AE028DE228D

| **3/28/2025** | | | | | | **LYLE E. FRANK, J.S.C.** |
|---|---|---|---|---|---|---|
| **DATE** | | | | | | |

| CHECK ONE: | | CASE DISPOSED | | X | NON-FINAL DISPOSITION | |
|---|---|---|---|---|---|---|
| | | GRANTED | DENIED | X | GRANTED IN PART | OTHER |
| APPLICATION: | | SETTLE ORDER | | | SUBMIT ORDER | |
| CHECK IF APPROPRIATE: | | INCLUDES TRANSFER/REASSIGN | | | FIDUCIARY APPOINTMENT | REFERENCE |

**156170/2024   337 E 77 LP vs. JAWITZ, LYNN**
**Motion No.  001**

**Page 4 of 4**

4 of 4