State Farm Mut. Auto. Ins. Co. v Pedro Torres-Jimenez, M.D., P.C. (2025 NY Slip Op 03002)

State Farm Mut. Auto. Ins. Co. v Pedro Torres-Jimenez, M.D., P.C.

2025 NY Slip Op 03002

Decided on May 15, 2025

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: May 15, 2025

Before: Kern, J.P., Kennedy, González, Shulman, O'Neill Levy, JJ. 

Index No. 812539/21|Appeal No. 4383|Case No. 2024-04696|

[*1]State Farm Mutual Automobile Insurance Company et al., Plaintiffs-Respondents,
v
Pedro Torres-Jimenez, M.D., P.C., Defendant-Appellant.

The Rybak Firm, PLLC, Brooklyn (Maksim Leyvi of counsel), for appellant.
Bennett, Bricklin & Saltzburg LLC, New York (Stephen Trzcinski of counsel), for respondents.

Order, Supreme Court, Bronx County (Wilma Guzman, J.), entered June 24, 2024, which denied defendant's motion under CPLR 5015(a)(1) for an order vacating a default judgment against it and compelling plaintiffs to accept its answer, unanimously affirmed, with costs.
Defendant has effectively abandoned its argument that Supreme Court should have vacated the default judgment under CPLR 5015(a)(1) (see e.g. Edelman v Emigrant Bank Fine Art Fin., LLC, 89 AD3d 632, 632 [1st Dept 2011]). In any event, the court providently exercised its discretion in determining that defendant failed to provide a reasonable excuse for its default (see Jansons Associated Inc. v 12 E. 72nd LLC, 185 AD3d 499, 500 [1st Dept 2020]).
Defendant did not seek relief under CPLR 317 and has not articulated how the court improvidently exercised its discretion in failing to treat defendant's CPLR 5015 motion as also having been made under CPLR 317. Even under CPLR 317, the court providently denied the motion because defendant failed to establish a lack of actual notice sufficient for purposes of the statute. Defendant's principal's conclusory affidavit denying receipt did not sufficiently rebut the presumption of service (see Gonzalez v City of New York, 106 AD3d 436, 437 [1st Dept 2013]). The affidavit broadly claimed that defendant did not regularly check the mail at the address it provided to the Secretary of State, but did not establish that the address did not belong to defendant or that it could not receive mail at the address it had provided (see New York City Economic Dev. Corp. v GCC, LLC, 209 AD3d 661, 662 [2d Dept 2022]). Defendant did not establish that its address on file with the Secretary of State was incorrect or no longer valid, presented no evidence that the notice sent to it was returned, and did not provide any detailed account of its procedures for handling mail sent to this address which might explain the delay (see Country-Wide Ins. Co. v Power Supply, Inc., 179 AD3d 405, 406 [1st Dept 2020]; cf. Shanker v 119 E. 30th, Ltd., 63 AD3d 553 [1st Dept 2009]; Kanner v Westchester Med. Group, P.L.L.C., 233 AD3d 410, 410-411 [1st Dept 2024]).
In view of the forgoing, we need not reach the issue of whether a meritorious defense was set forth.
THIS CONSTITUTES THE DECISION AND ORDER OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: May 15, 2025