Dunnington Bartholow & Miller LLP v Simon
2026 NY Slip Op 03878
June 18, 2026
Appellate Division, First Department
Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.
This decision is uncorrected and subject to revision before publication in the Official Reports.

Dunnington Bartholow & Miller LLP, Plaintiff-Respondent,
v
Jean-Pascal Simon, Defendant-Appellant.

Decided and Entered: June 18, 2026
Index No. 652835/16|Appeal No. 6920|Case No. 2025-03305|
Before: Manzanet-Daniels, J.P., Mendez, Shulman, Higgitt, Hagler, JJ.

Jean-Pascal Simon appellant pro se.
Dunnington, Bartholow & Miller LLP, New York (Maaike Angulo Vrij of counsel), for respondent.

[*1]
Order, Supreme Court, New York County (Adam Silvera, J.), entered on or about March 25, 2025, which, to the extent appealed from as limited by the briefs, denied defendant's motion pursuant to CPLR 5015(a)(3) to vacate a judgment, same court and justice, entered on November 25, 2024, awarding plaintiff damages in the amount of $144,644.06, unanimously affirmed, with costs.
Defendant failed to establish that the judgment, which was entered after defendant's default, was secured by extrinsic fraud (see Matter of Renaissance Economic Dev. Corp. v Jin Hua Lin, 126 AD3d 465, 465 [1st Dept 2015], lv dismissed 26 NY3d 953 [2015]; Aguirre v Aguirre, 245 AD2d 5, 7 [1st Dept 1997]). Regardless of the validity of his allegation that plaintiff concealed from him the scheduling of two court conferences, that information was available to defendant through ecourts, to which defendant previously admitted having access. Nor does defendant's contention that plaintiff engaged in intrinsic fraud by misrepresenting the scope of its work in the underlying action compel vacatur of the judgment because defendant failed to provide a reasonable excuse for his default and has not demonstrated a meritorious defense since the record reflects that, contrary to his contentions, plaintiff did not misrepresent the work it performed on his behalf in the underlying action (see 3331 102 St. LLC v Newport Beach Holdings LLC, 205 AD3d 497, 497 [1st Dept 2022]).
Defendant's arguments that the default judgment is a nullity because it was not supported by proper documentation and that Supreme Court improperly imposed the default judgment sua sponte in violation of CPLR 3215 are improperly raised for the first time in his reply brief, and we decline to consider them (see Cardenas v New York City Hous. Auth., 243 AD3d 404, 405 [1st Dept 2025]). In any event, neither argument, regardless of its accuracy, establishes the existence of the type of fraud necessary to vacate a judgment pursuant to CPLR 5015(a)(3).
We have considered defendant's remaining arguments and find them unavailing.
THIS CONSTITUTES THE DECISION AND ORDER OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: June 18, 2026